**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, <br><br> *Plaintiff*, <br><br> vs. <br><br> Alcatel-Lucent USA Inc., a Delaware corporation; Alcatel-Lucent Holdings Inc., a Delaware corporation; Allied Telesis Holdings K.K., a Japanese corporation; Allied Telesis, Inc., a Delaware corporation; Avaya Inc., a Delaware corporation; AXIS Communications AB, a Swedish corporation; AXIS Communications, Inc., a Massachusetts corporation; Dell Inc., a Delaware corporation; GarrettCom, Inc., a California corporation; Hewlett-Packard Company, a Delaware corporation; Hewlett-Packard Development Company, L.P., a Texas limited partnership; Huawei Technologies Co., Ltd., a People's Republic of China corporation; Huawei Technologies USA Inc., a Texas corporation; Juniper Networks, Inc., a Delaware corporation; Motorola Solutions, Inc., a Delaware corporation; NEC Corporation, a Japanese corporation; NEC Corporation of America, a Delaware corporation; Polycom, Inc., a Delaware corporation; Samsung Electronics Co., Ltd., a South Korean corporation, Samsung Electronics America, Inc., a New York corporation; Samsung Telecommunications America, LLC, a Delaware limited liability company; ShoreTel, Inc., a Delaware corporation; Sony Corporation, a Japanese corporation, Sony Corporation of America, a New York corporation; Sony Electronics Inc., a Delaware corporation; Transition Networks, Inc., a Minnesota corporation; <br><br> *Defendants*. | CASE NO. 6:11-cv-00492-LED <br><br> **JURY DEMANDED** <br><br> **NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES REVIEWS* (Dkt. 374).** |

i

Defendants Avaya, and Sony, and Axis filed two *inter partes* review petitions challenging the patentability of certain claims of U.S. Patent 6,218,930 (the "'930 Patent") ("the Proceedings"). Defendants moved to stay this case pending the Proceedings.

Network-1 does not take a position on the arguments in Defendants' Motion. Network-1, however, does not oppose this case being stayed pending the Proceedings for the reasons set forth below. Accordingly, Network-1 submits this Notice of Non-Opposition.

## I.      Network-1 does not oppose Defendants' motion because staying this case may prevent, rather than cause, prejudice to Network-1.

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *SSL Servs., LLC v. Citrix Sys.*, 2012 U.S. Dist. LEXIS 35779, at *5 (E.D. Tex. Mar. 16, 2012) (quoting *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). One factor district courts consider in deciding whether to stay a case pending reexamination (or other post-grant prosecution activity, such as an *inter partes* review) is whether staying the case will prejudice the non-moving party. *EMG Tech., LLC v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 144656, at *4 (E.D. Tex. Nov. 15, 2010) ("In deciding whether to stay litigation pending reexamination, courts typically consider . . . whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party."). Staying a patent infringement case effectively prevents a patent holder from enforcing its patent rights for the pendency of the stay. Accordingly, staying a case may prejudice the patent holder. *Id.,* at *5-6 ("EMG would be unduly prejudiced if the Court were to grant the stay because a stay would effectively prevent EMG from enforcing its patent rights for as long as 6-7 years."). Motions to stay are routinely denied in this district and elsewhere for this reason.[1]

---

[1]     *See, e.g., Portal Technologies LLC v. Yahoo! Inc.*, Case No. 2:11-cv-00440, at *2 (E.D. Tex., January 3, 2013) (denying a motion to stay, in part, because "a stay would prejudice Portal's interest in the timely enforcement of its patent rights.")

1

This case, however, is the rare case where a stay could prevent, rather than cause, prejudice to the patent holder.  This is because (a) Network-1 would be prejudiced if its counsel – Greg Dovel – could not represent Network-1 in the Proceedings as counsel of record, and (b) Mr. Dovel may not be able to effectively represent Network-1 in the Proceedings as counsel of record if this case moves forward.

    **A.**    **Network-1 would be prejudiced if Mr. Dovel is not able to effectively represent it in both this case and in the Proceedings.**

A party to litigation or another quasi-judicial proceeding will be prejudiced if it cannot be represented by the same counsel who previously represented the party in a related case that was litigated through trial.  Because the prior counsel is already intimately familiar with the underlying issues and prior record, the client would not need to reinvest resources in such counsel.  If the prior counsel cannot represent the party in a subsequent matter, however, the party would need to reinvest in a new attorney who would need to spend substantial resources becoming familiar with the underlying issues and analyzing the prior record.

Mr. Dovel, Network-1's lead counsel in this case, is already very familiar with the issues in this case and the Proceedings, such that he can effectively represent Network-1 in this matter and Proceedings without spending the time and resources necessary to become familiar with the underlying subject matter and prior record.  Mr. Dovel was lead counsel for Network-1 in *Network-1 Security Solutions, Inc. v. Cisco Systems, Inc.* ("*Cisco Litigation*"), in which the '930 Patent was asserted against eight other manufacturers of Power over Ethernet equipment.  In the *Cisco Litigation*, which settled on the fourth day of trial, Mr. Dovel became intimately familiar with issues involving the '930 Patent, including (a) the underlying Power over Ethernet technology; (b) the construction of the '930 Patent claims; (c) the prior art; (d) the novelty and nonobviousness of the '930 Patent in light of the prior art; and (e) the benefits of the claimed

invention over the prior art. Accordingly, Mr. Dovel is already sufficiently familiar with the subject matter necessary to effectively represent Network-1 in this case and in the Proceedings, which involve a subset of the subject matter at issue in the *Cisco Litigation*.

If Mr. Dovel is not able to represent Network-1 in either this case or the Proceedings as counsel of record, Network-1 will have to hire a different lead counsel to represent it in one or the other. This would prejudice Network-1 because new counsel will either (1) not be sufficiently familiar with the subject matter of the case to effectively represent Network-1, or (2) will need to spend potentially thousands of hours getting familiar with this subject matter and reviewing and analyzing the prior litigation history in which Mr. Dovel was the lead counsel to avoid taking inconsistent positions. Moreover, Network-1 may be required to hire two different lawyers to perform the exact same tasks in both this case and the Proceedings (*e.g.*, deposing the same expert on the same alleged invalidity references).

**B.    If this case goes forward, Mr. Dovel may not be able to effectively represent Network-1 in either this case or in the Proceedings.**

The Stipulated Protective Order in this case (Dkt. 234) provides:

> prosecution of any patent application pertaining to Power over Ethernet technology. Outside litigation counsel for the plaintiff who obtains, receives, accesses, or otherwise learns of, in whole or in part, technical information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," however, may participate in any reexamination proceeding of the patent at issue in this Action, except that outside counsel for the plaintiff may not act as counsel of record in any reexamination proceeding and may not reveal the contents of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to reexamination patent counsel or agents.

Thus, if Mr. Dovel obtains, receives, accesses, or otherwise learns of any technical information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, he may be prohibited (under an interpretation of the Protective Order) from participating in the Proceedings as "counsel of record."

This case "is still in its infancy" and the parties have just exchanged preliminary disclosures. Dkt. 374 (Defendant's Motion to Stay). Accordingly, Mr. Dovel has not yet needed to – and has taken precautions not to – access any of Defendants' confidential technical information and has thus preserved his ability to act as counsel of record in the Proceedings. If this case goes forward, however, Mr. Dovel will eventually need to access confidential information before the Proceedings are resolved. Accordingly, if the case goes forward, Network-1 may have to choose between having Mr. Dovel represent Network-1 as counsel of record in either (i) this case, or (ii) the Proceedings, but not both. Network-1 has determined that, in this case, such prejudice outweighs any prejudice that a stay would cause by delaying Network-1's ability to timely enforce its patent rights. Thus, this is a unique case where a stay may prevent, rather than cause, prejudice to Network-1.

## II. Conclusion

To ensure that Mr. Dovel can participate as counsel of record in the Proceedings, Network-1 does not oppose Defendants' Motion to Stay pending the resolution of the two co-pending *inter partes* reviews.

Dated: February 19, 2013        By: /s/ Sean A. Luner (w/permission TJW, Jr.)
                                                          Sean A. Luner
                                                          State Bar No. 165443
                                                          Gregory S. Dovel
                                                          State Bar No. 135387
                                                          **DOVEL & LUNER, LLP**
                                                          201 Santa Monica Blvd., Suite 600
                                                          Santa Monica, CA 90401
                                                          Telephone: 310-656-7066
                                                          Facsimile: 310-657-7069
                                                          Email: greg@dovellaw.com
                                                                     sean@dovellaw.com

                                                          T. John Ward, Jr.
                                                          State Bar No. 00794818
                                                          Ward & Smith Law Firm

P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: jw@wsfirm.com

***ATTORNEYS FOR PLAINTIFF,
NETWORK-1 SECURITY SOLUTIONS, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of February, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ T. John Ward, Jr.

5