## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| Network-1 Security Solutions, Inc., a Delaware corporation; | |
| *Plaintiff*, | CASE NO. 6:11-cv-492 |
| vs. | **Jury Trial Demanded** |
| Alcatel-Lucent USA Inc., a Delaware corporation; et al. | |
| *Defendants*. | |

## Network-1's Motion to Lift Stay

## Table of Contents

I.      Background ........................................................................................................... 1

II.     The Court should not extend the stay through the IPR appeal. ......................................... 2

    A.      Extending the stay will not simplify issues............................................................ 3

    B.      Extending the stay will unduly prejudice Network-1. ........................................... 6

    C.      The stage of proceedings does not justify extending the stay............................... 8

III.    Conclusion ........................................................................................................... 9

## Table of Authorities

**Cases**

*Belkin Int'l, Inc. v. Kappos*,
   696 F.3d 1379 (Fed. Cir. 2012) ................................................................. 3

*Invensys Systems, Inc. v. Emerson Electric Co.*,
   Case No. 6:12-CV-00799 (E.D. Tex., July 25, 2014)................................. 7

*Soverain Software, LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005)....................................................... 2

*Thinkoptics, Inc. v. Nintendo of America, Inc.*,
   Case No. 6:11-cv-455 (E.D. Tex., February 27, 2014)........................... 2, 7

*Unifi Scientific Batteries, LLC v. Sony Mobile Communications AB*,
   Case No. 6:12-cv-224, (E.D. Tex., January 14, 2014)............................... 7

*VirtualAgility Inc. v. Salesforce.com, Inc*.,
   2014 WL 3360806 (Fed. Cir. July 10, 2014)........................................... 4, 6

**Statutes**

35 U.S.C. §144.................................................................................................. 5

**Other Authorities**

MPEP §2273 ..................................................................................................... 2

Pursuant to an agreed Motion to Stay Pending *Inter Partes* Review (IPR), the Court ordered that this action be "stayed pending the disposition of re-examination" and that "[a]ny party may request the Court lift the stay once re-examination is completed."  Order (Dkt #410) at 1.[1]  The IPR re-examination proceedings are now completed.  Accordingly, pursuant to the Court's Order, Network-1 now moves to lift the stay.

## I.      Background

Plaintiff Network-1 filed this lawsuit over three years ago—on September 15, 2011. Dkt #1 (Complaint).  Beginning in 2012, four defendants in this litigation—Avaya, Dell, Sony and HP (the "Defendants")—filed a series of IPR Petitions seeking to invalidate the asserted claims of the '930 Patent.  Mot. (Dkt #374) at 2; Ex. 1 (Final Written Decision) at 2.  Defendants then filed a Motion to Stay pending the IPR proceedings, which Network-1 did not oppose.  Dkts #374; #399.  The Court, "[h]aving considered the parties' Unopposed Motion" ordered that "this action is hereby stayed pending the disposition of re-examination" and that "[a]ny party may request the Court lift the stay once re-examination is completed."  Order (Dkt #410) at 1.

The Board recently completed the IPR proceedings and entered a Final Written Decision confirming the validity of all challenged claims.  Ex. 1 (Final Written Decision) at 32.  The Defendants appealed the Final Written Decision to the Federal Circuit.  The Appeal was docketed last week.  Ex. 3.

In addition to the IPR proceedings, Network-1's '930 Patent was also subject to an *ex parte* reexamination.  The Patent Office recently entered a *Notice of Intent to Issue Reexamination Certificate* that (1) affirmed the validity of all challenged claims, and (2) allowed 14 new claims.  Ex. 2.  The Patent Office's decision is non-appealable and the Patent Office

---

[1] The "re-examination" referenced in the Order was the pending IPR proceedings.  *See* Motion (Dkt #374) and Notice of Non-Opposition (Dkt #399).

should issue a Reexamination Certificate shortly.  *See* MPEP §2273 ("[I]n an *ex parte* reexamination proceeding … [a] third party requester may not appeal.").

Now that the claims of the '930 Patent have been confirmed by (a) the Board in the IPR proceedings, and (b) the Patent Office in the reexamination, Network-1 requests that the stay be lifted pursuant to the Court's Order that "[a]ny party may request the Court lift the stay once re-examination is completed."  Order (Dkt #410) at 1.[2]

## II.      The Court should not extend the stay through the IPR appeal.

Whether to extend the stay of this litigation falls within the "district court['s] … inherent power to control its own docket."  *Thinkoptics, Inc. v. Nintendo of America, Inc.*, Case No. 6:11-cv-455 (E.D. Tex., February 27, 2014) (Ex. 6) at 2.  The decision "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)).

There are three factors that "courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Soverain Software, LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).  We address each factor in turn.

---

[2] Defendants may argue that the Order issuing the stay contemplated waiting until all appeals were exhausted before lifting the stay.  Such an interpretation is inconsistent with the language of the Order which states that a party can move to lift the stay "once re-examination is completed," not "once all appeals of the reexamination have been exhausted."  Moreover, when arguing that the stay was appropriate, the Defendants specifically referred to the one-year timeframe of the IPR proceeding itself, independent of the appeal process. *See, e.g.*, Motion (Dkt #374) at 3 ("there is no chance of undue prejudice due to delay given the one-year statutory timeline for IPRs."); *id*. at 2 ("The PTO will then face an obligation under 35 U.S.C. § 316(a)(11) to issue a final determination within one year."); *id*. at 6 ("Once the petitions are instituted, the PTO will have one year to issue final decisions.").  Finally, whether the Order did or did not contemplate appeals, the same analysis below applies.

**A.      Extending the stay will not simplify issues.**

This factor can weigh in favor of a stay when the stay would create efficiencies by simplifying the issues in the litigation.  In their Motion to Stay, Defendants made four arguments why staying this litigation pending the IPR proceedings would simplify the issues.  While these arguments may have had some merit at the time of the Motion, none provide a basis to extend the stay at this time.  Each is addressed.

> **Defendants' argument 1**:  **The IPR proceedings are likely to simplify the issues in the litigation because the asserted claims are likely to "be found invalid" or "amend[ed]."  Motion at 11, 10.**

This argument may have had some merit when Defendants filed their original Motion to Stay, because at that time:

(a)    the '930 Patent was subject to IPR proceedings (proceedings that Chief Judge Randall Rader of the Federal Circuit referred to as a "death squad" for patents because statically the chances of a patent surviving the Board's scrutiny unscathed were extremely low); and

(b)    in the pending reexamination, all challenged claims of the '930 Patent were rejected in an initial Office Action.  Ex. 4 (Office Action).

This argument no longer has merit with respect to both the <u>original claims</u> and the <u>new claims</u>.

<u>*Original claims*</u>:  Having beaten the odds and survived the IPR proceedings unscathed, it is highly unlikely that the original challenged claims of the '930 Patent will be found invalid for three reasons.

<u>Reason 1</u>:  With respect to any procedural challenges to the Board's Final Written Decision, the Federal Circuit "afford[s] substantial deference to the PTO's interpretation of its own regulations" under the "plainly erroneous" standard.  *Belkin Int'l, Inc. v. Kappos*, 696 F.3d 1379, 1381 (Fed. Cir. 2012).

Reason 2:  As detailed in the Final Written Decision, there are multiple reasons why the Board confirmed the validity of the challenged claims based on the "low level current" limitation, *e.g.*, "Avaya has not shown that Matsuno expressly or inherently discloses the 'low level current' recited in Claim 6," Ex. 1 (Final Written Decision) at 16-21; and "Dr. Knox's analysis is persuasive that the identified current in Matsuno is not a 'low level current.'" *Id*. at 22-29.  Each reason provides an independent basis for affirming the Board's decision.[3]

Reason 3:  In the IPR proceedings, in addition to arguing that the cited art did not disclose the claimed "low level current" element, Network-1 also argued that the art was missing additional elements.[4]  To invalidate the original claims, the Federal Circuit would not only need to reverse the Board's several bases for confirming the claims, but it would also need to reject all of Network-1's arguments concerning these additional elements.  The Federal Circuit cannot simply reverse the Board's decision if it determines the Board was wrong on one issue.  For the challenged claims to be found invalid, Defendants would need to persuade the Federal Circuit that (1) the Board repeatedly erred in each instances it adopted Network-1's arguments and rejected Defendants' and (2) find in favor of the Defendants with respect to all arguments that the Board did not need to address.  As a result, it is highly unlikely that the Federal Circuit will reverse the Board's decision and invalidate the challenged claims.

Because it is highly unlikely that the Federal Circuit will invalidate the confirmed claims, in its Final Written Decision in the IPR proceeding, the PTAB *sua sponte* ordered that:

---

[3]  This is not a situation where this Court must perform its own analysis of the merits of the IPR proceedings.  *See VirtualAgility Inc. v. Salesforce.com, Inc*., 2014 WL 3360806, *5 (Fed. Cir. July 10, 2014) ("district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims").  Rather, the Board, in a 33-page Final Written Decision, already detailed the reasons why the challenged claims of the '930 Patent are valid.  Ex. 1.

[4] For example, Network-1 also demonstrated that the cited art does not disclose the claimed "sensing a voltage level on the data signaling pair" and "data network."  Ex. 10 (Patent Owner's Response) at 14-32, 44-47.

> Under the circumstances [*i.e.*, a very strong finding of validity in the IPR based on multiple independent grounds], we are persuaded that the stay [of the reexamination proceedings that the Board issued when the IPR started] should be lifted <u>before the time for any appeal in this proceeding has expired and any appeal has terminated</u>.

Ex. 1 (Final Written Decision) at 32 (emphasis added).[5]  The same result should apply here because any reasonable likelihood that the challenged claims would be found invalid was extinguished with the Board's Final Written Decision.[6]

<u>*New claims*</u>.  As a result of the reexamination, there are 14 new claims, some or all of which will be asserted in the litigation.  There is <u>zero</u> chance that these claims, which are not at issue in the appeal, could be invalidated or amended as a result of the appeal.  As a result, continuing the stay cannot simplify issues with respect to these new claims.

### Defendants' argument 2:  "The record from the two IPRs will simplify and clarify the claim construction process."  Mot. at 10.

While this argument may have had some merit when the Motion was filed, it no longer has merit because the record is set—no new evidence or arguments can be presented during the appeal.  *See* 35 U.S.C. §144 ("[T]he Federal Circuit shall review the decision from which an appeal is taken <u>on the record before the Patent and Trademark Office</u>.") (emphasis added).

### Defendants' argument 3:  All asserted claims are subject to the IPR proceedings.  Mot. at 2, 11.

This argument was based on the premise that the IPR proceedings could dispose of the entire litigation because all claims that could be asserted in the litigation were being challenged

---

[5] The Board previously entered an Order staying the ex parte reexamination "pending the termination or completion of the instant proceeding."  Ex. 5 (Order Staying Reexam) at 3.

[6] Indeed, David Kappos, the director of the Patent Office when the AIA was drafted, stated, "The AIA postgrant provisions are very good for patent owners who have strong patents because they are a great way to have a <u>gold stamp of approval from the PTAB</u>.  Once that's happened your <u>applicable claims are all but beyond challenge in any court proceeding</u>."  Ex. 9 at 23 (emphasis added).

in the IPR proceedings.  *See* Mot. at 2 (each Petition "set[s] forth bases for the cancellation of

claims 6 and 9 (the only two claims asserted by Network-1) of the '930 patent").

Because there are now 14 new allowed claims resulting from the reexamination, the

Federal Circuit appeal cannot dispose of this action even if it ruled against Network-1 on all

issues.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 2014 WL 3360806, *5 (Fed. Cir. July 10,

2014) (distinguishing (1) case where "the PTAB expressly determined that <u>all</u> of the claims are

more likely than not unpatentable" and the PTAB's "review could dispose of the entire

litigation" from (2) cases where there are "remaining … claims … <u>not</u> at issue in any [*inter

partes* review]" and the PTAB's review could not dispose of the entire litigation) (emphasis

original).  Even if the Federal Circuit were to overturn the Board's order, this litigation will go

forward with respect to some or all of the 14 new claims.

> **Defendants' argument 4:  "Simplification of the issues will … result from the
> statutory estoppel provision."  Mot. at 10.**

As Defendants' recognized in their Motion, estoppel attached when the Board issued the

Final Written Decision (not when all appeals are exhausted):

> Simplification of the issues will also result from the statutory estoppel provision.
> <u>Whereas statutory estoppel did not attach in an IPX until all appeals were
> exhausted</u>, under 35 U.S.C. § 315(e), <u>once the IPRs result in a final written
> decision</u>, Petitioners Avaya, Sony, and Axis may not assert in a civil patent
> infringement action 'that the claim is invalid on any ground that the petitioner
> raised or reasonably could have raised during that inter partes review.'  35 U.S.C.
> § 315(e).

Mot. at 10-11 (emphasis added).  Accordingly, any simplification of issues resulting from

estoppel has already occurred, and the benefits resulting from the simplified issues can be

realized by lifting the stay now.

## B.   Extending the stay will unduly prejudice Network-1.

If "a stay will unduly prejudice or present a clear tactical disadvantage" to the party

opposing the stay, this factor weighs against the stay.  *Soverain*, 356 F. Supp. 2d at 662.  This factor favors lifting the stay for two reasons.

<u>First</u>, because all patent owners, such as Network-1, have a recognized interest in timely enforcing their patent rights, staying an action prejudices a patent owner.  *See, e.g.,*

- "Invensys, like all patent owners, has a recognized interest in the timely enforcement of its patent rights."  *Invensys Systems, Inc. v. Emerson Electric Co.*, Case No. 6:12-CV-00799 (E.D. Tex., July 25, 2014) (Ex. 7) at 4 (citing *Voltstar Techs., Inc. v. Superior Commc'ns, Inc.*, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013).

- Because "[t]he Court has an obligation 'to secure the … speedy … determination of every action.' Fed.R.Civ.P.1," a patent holder "has a recognized interest in the timely enforcement of its patent rights."  *Unifi Scientific Batteries, LLC v. Sony Mobile Communications AB*, Case No. 6:12-cv-224, (E.D. Tex., January 14, 2014) (Ex. 8) at 4-5.

- "ThinkOptics has an interest in timely enforcing its patents.  This remains true regardless whether the parties' products directly compete."  *Thinkoptics, Inc. v. Nintendo of America, Inc.*, Case No. 6:11-cv-455 (E.D. Tex., February 27, 2014) (Ex. 6) at 2.

Because patent owners have a recognized interest in timely enforcing their patent rights, this Court routinely holds that staying an action pending IPR proceedings runs contrary to this recognized interest and "prejudices the patent holder."  *See, e.g.,*

- *Unifi Scientific* (Ex. 8) at 5 (denying motion to stay pending IPR and holding "this factor weighs against a stay").

- *Invensys Systems* (Ex. 7) at 5 (same);

- *Thinkoptics* (Ex. 6) at 2-3 (holding that Plaintiff's interest in timely enforcing its

patents would be prejudiced (and therefore this factor favors against a stay) even though "reexaminations are beyond the preliminary stages" because "it is unlikely that the reexaminations will be resolved any time in the foreseeable future" due to a potential "appeal [of the Board's] decision to the Federal Circuit.").

*Second*, the prejudice to Network-1 that Network-1 identified in its Notice of Non-Opposition no longer exists.  In its Notice of Non-Opposition, Network-1 acknowledged that: "This … is the rare case where a stay could prevent, rather than cause, prejudice to the patent holder … because (a) Network-1 would be prejudiced if its counsel—Greg Dovel—could not represent Network-1 in the Proceedings as counsel of record, and (b) Mr. Dovel may not be able to effectively represent Network-1 in the Proceedings as counsel of record if this case moves forward."  Notice (Dkt.#399) at 2.  In particular, at that time, Mr. Dovel had not accessed any confidential information and therefore was not precluded by the Protective Order in this case from participating in the IPR and reexamination proceedings.  "If this case [moved] forward, however, Mr. Dovel [would] eventually need to access confidential information before the Proceedings are resolved."  Notice (Dkt. #399) at 4.  As a result, if the IPR went forward concurrently with the litigation, Mr. Dovel would have been effectively precluded from participating in the IPR proceedings.

Because the reexamination is now effectively complete, the Board issued a Final Written Decision in the IPR proceedings, and the risk of any further prosecution in the IPR proceedings is insignificant, Network-1's perceived prejudice in litigating this case simultaneously with the IPR proceedings no longer exists.

### C.     The stage of proceedings does not justify extending the stay.

This case has been pending for more than three years.  Network-1 acknowledges, however, that this factor weighs slightly in favor of a stay because, although this case has been

pending for three years, it is at an early stage.  The slight weight of this factor in favor of extending the stay, however, does not overcome the other two factors that weigh against extending the stay.

**III.    Conclusion.**

For the reasons above, Network-1 requests that the stay be lifted.  Moreover, because the Docket Control Order (Dkt # 237) in this case does not account for the stay, Network-1 further requests that the Court order the parties to submit a new proposed Docket Control Order within seven days of the Court's order lifting the stay.


Date: September 11, 2014                          Respectfully submitted,

                                                  By:  */s/ Sean A. Luner*
                                                  Sean A. Luner
                                                  State Bar No. 165443
                                                  Gregory S. Dovel
                                                  State Bar No. 135387
                                                  Dovel & Luner, LLP
                                                  201 Santa Monica Blvd., Suite 600
                                                  Santa Monica, CA 90401
                                                  Telephone:  310-656-7066
                                                  Facsimile:  310-657-7069
                                                  Email:  sean@dovellaw.com
                                                  Email:  greg@dovellaw.com

                                                  ATTORNEYS FOR PLAINTIFF,
                                                  NETWORK-1 SECURITY SOLUTIONS, INC.

**Certificate of Service**

I certify that this document is being filed electronically and, as a result, is being served on counsel of record through the Electronic Filing System on the filing date listed above.

/s/ *Sean A. Luner*
Sean A. Luner

**Certificate of Conference**

I certify that that counsel for Defendants and counsel for Network-1 have complied with the meet-and-confer requirement of Local Rule CV-7(h), but reached an impasse.  This motion is opposed.

/s/ *Sean A. Luner*
Sean A. Luner

10