**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC. <br><br> *Plaintiff*, <br><br> vs. <br><br> ALCATEL-LUCENT USA INC., ET AL., <br><br> *Defendants*. | CASE NO. 6:11-cv-492-RWS-KNM <br><br> **JURY TRIAL DEMANDED** |

**Network-1 Technologies, Inc.'s Motion for**
**Partial Summary Judgment on Estoppel**

## Table of Contents

I.     Introduction. ................................................................................................................. 1

II.    Statement of issues. ..................................................................................................... 1

III.   Statement of undisputed material facts. ...................................................................... 1

     A.    HP's invalidity grounds in this litigation. ........................................................ 1

     B.    HP's IPR. ........................................................................................................... 2

IV.   The Court should grant summary judgment in Network-1's favor and hold that HP is statutorily estopped from asserting obviousness of claim 6 based on (1) Lehr, Woodmas, and Chang, and (2) Yano and Woodmas. ........................................................ 3

     A.    HP was a petitioner in an inter partes review of the '930 patent that resulted in a final decision. ................................................................................ 5

     B.    During that inter partes review, HP reasonably could have raised obviousness based on (1) Lehr, Woodmas, and Chang, and (2) Yano and Woodmas. ........................................................................................................ 5

          1.    A petitioner "reasonably could have raised" a ground during an IPR if the ground was permitted by statute, and based on prior art known to petitioner or that reasonably could have been discovered by a skilled searcher during a diligent search. ........................................... 5

          2.    The two obviousness grounds at issue were permitted by statute during the IPR. ....................................................................................... 7

          3.    The references the obviousness grounds are based on—Lehr, Woodmas, Chang, and Yano—were known to HP when it filed its IPR petition. ....................................................................................... 7

     C.    The Federal Circuit's holding in *Shaw*—that estoppel does not apply to grounds presented in an IPR petition but not instituted—is inapplicable here. ................................................................................................................. 8

     D.    That HP's IPR petition sought joinder with Avaya's IPR does not defeat estoppel. ......................................................................................................... 10

V.    Conclusion. ................................................................................................................. 11

## Table of Authorities

**Cases**

*Apotex Inc. v. Wyeth LLC*,
   IPR2015-00873, Paper No. 8, 2015 WL 5523393 (P.T.A.B. Sept. 16, 2015) ........................... 6

*Ariosa Diag. v. Isis Innovation Ltd.*,
   IPR2012-00022, Paper 104 (P.T.A.B. Oct. 31, 2013). ............................................................ 11

*Clearlamp, LLC v. LKQ Corp.*,
   No. 12 C 2533, 2016 WL 4734389 (N.D. Ill. Mar. 18, 2016) .................................................. 6

*Cuozzo Speed Techs., LLC v. Lee*,
   136 S. Ct. 2131 (2016) ............................................................................................................. 4

*Dell Inc. v. Elecs. and Telecomms. Research Inst.*,
   IPR2015-00549, Paper No. 10, 2015 WL 1731182 (P.T.A.B. Mar. 26, 2015) ......................... 6

*Great West Casualty Co. v. Intellectual Ventures II LLC*,
   IPR2016-01534, Paper No. 13 (P.T.A.B. Feb. 15, 2017) .................................................... 6, 10

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   No. CV 13-453-SLR, 2016 WL 7341713 (D. Del. Dec. 19, 2016) .......................................... 9

*Parallel Networks Licensing v. Int'l Business Machines Corp.*,
   No. 13-2072 (KAJ), 2017 WL 1045912 (D. Del. Feb. 22, 2017) ....................................... 7, 11

*Praxair Distribution Inc. v. INO Therapeutics LLC*,
   IPR2016-00781, Paper No. 10 (P.T.A.B. Aug. 25, 2016) ........................................................ 6

*Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*,
   817 F.3d 1293 (Fed. Cir. 2016) ............................................................................................... 8

*Star Envirotech, Inc. v. Redline Detection, LLC*,
   No. SACV 12-01861 JGB (DFMx), 2015 WL 4744394 (C.D. Cal. Jan. 29, 2015) .................. 5

*T-Mobile USA, Inc. v. Mobile Telecomms. Techs., LLC*,
   IPR2015-00018, Paper 13 (P.T.A.B. Apr. 8, 2015) ............................................................... 11

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
   No. 12-CV-05501-SI, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017) ......................................... 9

**Statutes**

35 U.S.C. § 311 .......................................................................................................... 4, 5, 7

35 U.S.C. § 315 ................................................................................................................. 4

Leahy-Smith America Invents Act § 18 .......................................................................... 9

**Other Authorities**

157 Cong. Rec. S1375
   (daily ed. Mar. 8, 2011) ...................................................................................................... 6, 9

House of Representatives Report No. 112-98
   (2011) ...................................................................................................................................... 3

Senate Report. No. 110–259
(2008)............................................................................................................................ 3, 11

**Rules**

Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 ......................................................... 4, 11

## I.      Introduction.

Defendant HP[1] contends that the asserted claims of U.S. Patent No. 6,218,930 ("the '930 patent") are invalid as obvious under 35 U.S.C. § 103.  Network-1 moves for partial summary judgment with respect to two specific grounds of obviousness asserted by HP: (1) Obviousness of claim 6 over Lehr in view of Woodmas and Chang, and (2) obviousness of claim 6 over Yano in view of Woodmas.  Because these two grounds are barred by statutory estoppel, the Court should grant summary judgment in Network-1's favor and reject them.

## II.     Statement of issues.

If an inter partes review (IPR) results in a final written decision, the IPR petitioner is estopped by statute from asserting in litigation any ground of obviousness that it "reasonably could have raised" during that IPR.  Defendant HP was a petitioner in an IPR that resulted in a final written decision.  HP now asserts obviousness grounds based on patents that it knew about before filing its IPR petition.  Is HP estopped from doing so?

## III.    Statement of undisputed material facts.

### A.      HP's invalidity grounds in this litigation.

Defendant HP has asserted six combinations of prior art references as rendering obvious certain claims of Network-1's '930 patent, including claim 6.  Two of those combinations are the subject of this motion, and are based on the following references:

- U.S. Patent Nos. 6,473,608 ("Lehr '608"); 6,643,566 ("Lehr '566"); and 7,466,819 ("Lehr '819")—collectively, "Lehr";

- U.S. Patent No. 5,345,592 ("Woodmas");

---

[1] "HP" is used in this brief to refer to the relevant HP defendant(s) at each point in time. Currently, "HP" refers collectively to Hewlett-Packard Company and Hewlett Packard Enterprise Company, which was spun off from Hewlett-Packard Company on November 1, 2015.  When referencing events before November 2015, "HP" refers to Hewlett-Packard Company.

- U.S. Patent No. 5,991,885 ("Chang '885") and WO 98/57248 ("Chang '248")— collectively, "Chang"; and

- U.S. Patent No. 6,246,748 ("Yano").  Ex. 1 (Neikirk Amended Invalidity Report) ¶91.

The two grounds of invalidity at issue are:

    (1) Obviousness over Lehr in view of Woodmas and Chang; and

    (2) Obviousness over Yano in view of Woodmas.  *See* Ex. 1¶¶518, 603.

In their joint invalidity contentions, dated December 19, 2012 (Ex. 2), Defendants asserted each of those references (among others):

- The three Lehr references—U.S. Patent Nos. 6,473,608 (Ex. 2 at 3); 6,643,566 (*id.* at 5) and 7,466,819 (*id.*);

- Woodmas, U.S. Patent No. 5,345,592 (*id.*);

- The two Chang references, U.S. Patent No. 5,991,885 (*id.* at 3) and WO 98/57248 (*id.* at 6); and

- Yano, U.S. Patent No. 6,246,748 (*id.* at 3).

**B.**    **HP's IPR.**

HP was party to an IPR of claim 6 of the '930 patent that resulted in a final written decision.

On December 5, 2012, Avaya filed a petition for IPR of claims 6 and 9 of the '930 patent in Case IPR2013-00071 ("Avaya's IPR").  Ex. 3 (Avaya IPR Petition) at 6-7, 59.  Avaya's petition did not assert either of the two relevant combinations now pressed by HP (Lehr in view of Woodmas and Chang; Yano in view of Woodmas).  *See id.* at 7.

On May 24, 2013, the Patent Trial and Appeal Board ("Board") instituted Avaya's IPR on two grounds: (1) anticipation by Japanese Unexamined Patent Application Publication No.

H10-13567 (Matsuno); and (2) obviousness over U.S. Patent No. 6,115,468 (De Nicolo) in view of Matsuno.  Ex. 4 (Avaya Institution) at 1, 29.

HP then filed a petition for IPR together with Sony Corporation of America on August 6, 2013, in Case IPR2013-00495 ("HP's IPR").  Ex. 5 (HP IPR Petition) at 40-41.  (This was almost eight months after Defendants submitted their invalidity contentions).  In its petition, HP asserted the same two grounds instituted by the Board in Avaya's IPR.  *Id.* at 10-11.  On the same day, HP also requested joinder with Avaya's IPR.  *See* Ex. 6 (HP Motion for Joinder) at 15.

On September 16, 2013, the Board instituted HP's IPR on the same two grounds instituted in Avaya's IPR.  Ex. 7 (HP Institution) at 1, 5.  The Board also joined HP's IPR with Avaya's IPR.  Ex. 8 (HP Joinder Decision) at 1, 10.  On May 22, 2014, the Board issued its decision in Avaya's IPR, which also served as a decision for HP's IPR.  Ex. 9 (IPR Decision) at 1-4.  The Board titled its order "Final Written Decision," and stated that the "final written decision is issued pursuant to 35 U.S.C. § 318(a) and 37 C.F.R. § 42.73."  *Id.* at 1, 4.

The Board found that "Avaya, Dell, Sony, and HP are all Petitioners for purposes of this proceeding."  *Id.* at 3; *see also* Ex. 8 (HP Joinder Decision) at 10 ("all further filings in the joined proceedings shall be made in Case IPR2013-00071 [Avaya's IPR]").  The Board concluded in its final decision that "claims 6 and 9 of the '930 patent have not been shown to be unpatentable."  Ex. 9 (IPR Decision) at 32.

## IV. The Court should grant summary judgment in Network-1's favor and hold that HP is statutorily estopped from asserting obviousness of claim 6 based on (1) Lehr, Woodmas, and Chang, and (2) Yano and Woodmas.

The Leahy-Smith America Invents Act (AIA), passed by Congress in 2011, introduced a process called inter partes review as "a quick, inexpensive, and reliable alternative to district court litigation."  S. Rep. No. 110–259, at 20 (2008); *see also* H.R. Rep. No. 112-98, pt. 1, at 48 (2011) (inter partes review is a "quick and cost effective alternative[] to litigation").  That

process allows a third party to ask the Patent and Trademark Office (PTO) to review the claims

in an issued patent and to cancel any claim the agency finds to be anticipated or rendered

obvious by prior art.  35 U.S.C. § 311; *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2136

(2016).

To promote the efficiency of the IPR process and streamline litigation, the AIA requires

parties to bring all their novelty- and obviousness-based invalidity contentions at once.  This is

effectuated by section 315(e)(2), which provides in pertinent part:

> The petitioner in an inter partes review of a claim in a patent under this chapter that
>
> results in a final written decision under section 318(a) . . . may not assert . . . in a civil
>
> action . . . that the claim is invalid on any ground that the petitioner raised or reasonably
>
> could have raised during that inter partes review.  35 U.S.C. § 315 (e)(2).[2]

The statutory estoppel provision "seeks to protect patent owners from harassment via successive

petitions by the same or related parties, to prevent parties from having a 'second bite at the

apple,' and to protect the integrity of both the USPTO and Federal Courts by assuring that all

issues are promptly raised and vetted."  Office Patent Trial Practice Guide, 77 Fed. Reg. 48756,

48759 (Aug. 14, 2002) (to be codified at 37 C.F.R. pt. 42).

As a result of these provisions, a party is estopped from asserting anticipation or

obviousness of a patent if (1) the party was a petitioner in an IPR that resulted in a "final written

decision under section 318(a)," and (2) the now-asserted ground is one that the party "raised or

reasonably could have raised" during that IPR.  As we show below, both conditions are satisfied

for the obviousness challenges asserted by HP.  Accordingly, these grounds are barred by

statutory estoppel.

---

[2] Section 315(e)(1) applies the same estoppel to proceedings before the Patent and
Trademark Office (PTO).

A.     **HP was a petitioner in an inter partes review of the '930 patent that resulted in a final decision.**

On May 22, 2014, the Board issued a final written decision for IPR 2013-00495, IPR2013-00071, and IPR2013-00385, which had been joined.  Ex. 9 at 1-2.  The Board titled its order "Final Written Decision," *id.* at 1, and stated that the "final written decision is issued pursuant to 35 U.S.C. § 318(a) and 37 C.F.R. § 42.73," *id.* at 4.  The Board concluded that "claims 6 and 9 of the '930 patent have not been shown to be unpatentable."  *Id.* at 32.

The Board found that "Avaya, Dell, Sony, and HP are all Petitioners for purposes of this proceeding."  *Id.* at 3.

Accordingly, HP was a petitioner in an IPR of claim 6 of the '930 patent that resulted in a final written decision.

B.     **During that inter partes review, HP reasonably could have raised obviousness based on (1) Lehr, Woodmas, and Chang, and (2) Yano and Woodmas.**

1.     **A petitioner "reasonably could have raised" a ground during an IPR if the ground was permitted by statute, and based on prior art known to petitioner or that reasonably could have been discovered by a skilled searcher during a diligent search.**

The AIA permits an IPR "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications."  35 U.S.C. § 311(b).  By contrast, an asserted ground of anticipation based on, for example, a physical machine would not be based on a patent or printed publication and therefore could not be raised during an IPR.  *See Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861 JGB (DFMx), 2015 WL 4744394, at *3 (C.D. Cal. Jan. 29, 2015) (holding that estoppel did not apply to a smoke machine, since it was an "actual physical machine").

Though Federal Circuit case law has not discussed the meaning of "reasonably could have raised" in this context, the legislative history of the AIA is instructive.  During the Senate

floor debate, Senator Jon Kyl stated that "[a]dding the modifier 'reasonably' ensures that could-have-raised estoppel extends only to that prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover," rather than extending to prior art that could only be uncovered by a "scorched-earth search around the world."  157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl).

The Board has consistently applied this legislative history, recognizing that the prior art combinations a petitioner "could have raised" include references (1) known to the petitioner or (2) that reasonably could have been discovered by a skilled searcher conducting a diligent search.  *Great West Casualty Co. v. Intellectual Ventures II LLC*, IPR2016-01534, Paper No. 13 at 14-16 (P.T.A.B. Feb. 15, 2017) (holding that because a reference "'was readily identifiable in a diligent search'…a ground based on [that reference] is one that Petitioner 'reasonably could have raised'"); *Praxair Distribution Inc. v. INO Therapeutics LLC*, IPR2016-00781, Paper No. 10 at 7-10 (P.T.A.B. Aug. 25, 2016) ("we are not persuaded that Petitioner has demonstrated that a skilled searcher conducting a diligent search would not have expected to discover Greenough and Jaypee"); *Dell Inc. v. Elecs. and Telecomms. Research Inst.*, IPR2015-00549, Paper No. 10 at 4-5, 2015 WL 1731182 at *2-3 (P.T.A.B. Mar. 26, 2015) ("What a Petitioner 'could have raised' . . . include[s] 'prior art which a skilled searcher conducting a diligent search would reasonably could have been expected to discover.'" (internal quotations omitted)); *Apotex Inc. v. Wyeth LLC*, IPR2015-00873, Paper No. 8 at 5-6, 2015 WL 5523393 at *4 (P.T.A.B. Sept. 16, 2015) (holding that estoppel applied because "Petitioner was aware of the prior art references asserted in Ground 2 when it filed [its] IPR").

Multiple district courts have applied the same standard.  One district court stated that it found the "legislative history instructive and therefore applie[d] it."  *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *8 (N.D. Ill. Mar. 18, 2016).  Another district court

applied the same standard, explaining that "[t]he PTAB has recognized…that the prior art references (or combinations) a petitioner 'could have raised' includes any references that were known to the petitioner or that could reasonably have been discovered by 'a skilled searcher conducting a diligent search.'" *Parallel Networks Licensing v. Int'l Business Machines Corp*., No. 13-2072 (KAJ), 2017 WL 1045912, at *11-12 (D. Del. Feb. 22, 2017).

> **2.      The two obviousness grounds at issue were permitted by statute during the IPR.**

The two grounds at issue are obviousness based on Lehr, Woodmas, and Chang; and obviousness based on Yano and Woodmas.  Ex. 1 ¶¶518, 603.  Because they are both grounds of obviousness based on published patents, each of the combinations qualifies as a "ground that could be raised under section 102 or 103 . . . on the basis of prior art consisting of patents or printed publications."  35 U.S.C. § 311(b).  These are precisely the kind of grounds that the AIA requires a petitioner to raise during an IPR or else be estopped from doing so later.

> **3.      The references the obviousness grounds are based on—Lehr, Woodmas, Chang, and Yano—were known to HP when it filed its IPR petition.**

HP was aware of all four references the obviousness grounds are based on—Lehr, Woodmas, Chang, and Yano—when HP filed its IPR petition.

HP filed its IPR petition on August 6, 2013.  Ex. 5 at 41.  This was almost *eight months after* asserting Lehr, Woodmas, Chang, and Yano as prior art references in its invalidity contentions on December 19, 2012.  Ex. 2 at 24.  Thus, all four references were "known to the petitioner" and are ones that HP reasonably "could have raised" during its IPR.  *Parallel Networks*, 2017 WL 1045912, at *11-12.

***

During its IPR, HP reasonably could have raised obviousness based on the combination of Lehr, Woodmas, and Chang; and obviousness based on the combination of Yano and Woodmas.  The IPR statute permits grounds of obviousness based on patents, and HP knew of these patents since it had asserted them as prior art in its invalidity contentions over half a year earlier.  Thus, estoppel applies.

### C. The Federal Circuit's holding in *Shaw*—that estoppel does not apply to grounds presented in an IPR petition but not instituted—is inapplicable here.

The Federal Circuit has articulated a circumstance in which a petitioner could *not* have reasonably raised a ground of anticipation based on a prior patent during the IPR:  when the ground was presented in the IPR petition, but not instituted.  *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016).  In *Shaw*, the Board had instituted IPR on two grounds: (1) obviousness over Munnekehoff in view of Ligon, and (2) obviousness over Barmag in view of Ligon.  *Id.* at 1296-97.  Defendants had also presented another ground in their petition—anticipation by Payne—but the Board did not institute on that ground.  *Id.* at 1297.  Because institution on that ground was denied by the Board, Defendants could not have raised that ground "during the IPR."  *Id.* at 1300.  Accordingly, Defendants were not estopped from asserting anticipation by Payne.

The holding of *Shaw* does not apply here, because the two grounds at issue were not presented in HP's IPR petition.  In its IPR petition, HP asserted two grounds of invalidity: (1) Anticipation by Matsuno and (2) Obviousness over De Nicolo in view of Matsuno.  HP did not assert obviousness based on Lehr, Woodmas, and Chang, nor obviousness based on Yano and Woodmas, as it does in this litigation.  Thus, *Shaw*'s holding—that estoppel does not apply to petitioned-but-not-instituted grounds—is inapposite.

    *Shaw* does not stand for the proposition that estoppel only applies to grounds that were actually raised.  Two district courts appear to have read *Shaw* as holding that estoppel only applies to grounds that were actually raised during an IPR—that is, presented in the IPR petition and instituted by the Board.  *Intellectual Ventures I LLC v. Toshiba Corp.*, No. CV 13-453-SLR, 2016 WL 7341713, at *13 (D. Del. Dec. 19, 2016); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017).

    This reading is incorrect.  As explained above, the holding of *Shaw* is that estoppel does *not* apply to grounds that were presented in petition but not instituted.  Nowhere did the Federal Circuit indicate that estoppel only applies to grounds that were actually raised.  Indeed, such a holding would contradict the plain language of the statute.  Section 315(e)(2) states that estoppel applies to "any ground that the petitioner raised *or reasonably could have raised*" (emphasis added).  Limiting estoppel to grounds that were actually raised would improperly cast aside the additional words "or reasonably could have raised."

    If Congress had intended for estoppel only to apply to "any ground that the petitioner raised," it could have said exactly that.  Indeed, by contrast to IPR estoppel, in Section 18(a)(1)(D) of the AIA, which governs the transitional program for covered business method patent reviews, Congress expressly limited estoppel to "any ground that the petitioner raised during that transitional proceeding."  Leahy-Smith America Invents Act § 18, Pub. L. No. 112-29, 125 Stat. 284, 329–31 (2011).  Thus, Congress was fully capable of limiting estoppel to grounds actually raised.  But that is not the choice it made with IPR estoppel.

    Again, the legislative history is instructive.  Recall that during the Senate floor debate, Senator Kyl stated that "[a]dding the modifier 'reasonably' ensures that could-have-raised estoppel extends only to that prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover."  157 Cong. Rec. S1375 (daily ed. Mar. 8,

2011) (statement of Sen. Kyl).  The legislative history thus specifically addressed the breadth of

"could-have-raised estoppel," articulating that such estoppel applies to grounds that a petitioner

"could have raised" (as opposed to grounds that a petitioner actually raised).  That discussion

would be worthless if IPR estoppel only applied to grounds actually raised.

Accordingly, the Board in a recent decision considered and rightly rejected the notion

that *Shaw* limited IPR estoppel to grounds actually raised.  *Great West Casualty Co. v.*

*Intellectual Ventures II LLC*, IPR2016-01534, Paper No. 13 at 11-13 (P.T.A.B. Feb. 15, 2017).

In that decision, the Board explained that "*Shaw Industries Group* held that estoppel does not

apply to any ground of unpatentability that was presented in a petition, but denied institution."

*Id.* at 12.  "Congress would not have included the additional words 'or reasonably could have

raised' after 'raised' if Congress had desired to limit the estoppel to grounds actually raised."  *Id.*

### D.     That HP's IPR petition sought joinder with Avaya's IPR does not defeat estoppel.

The procedural posture of HP's IPR petition does not defeat estoppel.  HP's IPR petition

was linked to an IPR petition filed by Avaya.  Avaya filed an IPR petition in December 2012.

Ex. 3.  That petition was instituted in May 2013.  Ex. 4.  In August 2013, HP (together with

Sony) filed its IPR petition and requested joinder with Avaya's IPR.  Exs. 5 & 6.  The following

month, the Board instituted HP's petition and granted HP's request for joinder.  Exs. 7 & 8.

In its petition, HP raised the same two grounds that the Board had instituted in Avaya's

IPR.  *Compare* Ex. 4 at 29 *with* Ex. 5 at 10-11.  But the fact that HP sought joinder with Avaya's

IPR does not mean HP could not reasonably have raised different grounds from those raised by

Avaya, including the grounds at issue in this motion.

There is no rule that a petition with a request for joinder may only contain identical

grounds of invalidity.  Indeed, as one district court noted, several decisions by the Board

10

"explicitly contemplate that request for joinder can involve petitions that assert different grounds of invalidity." *Parallel Networks*, 2017 WL 1045912, at *12 (listing cases).  In one case, the Board granted a request for joinder even though the new petition asserted new invalidity grounds. *Ariosa Diag. v. Isis Innovation Ltd.*, IPR2012-00022, Paper 104 at 4-5 (P.T.A.B. Oct. 31, 2013).  In another case, the Board explained that a party seeking joinder should "identify any new grounds of unpatentability asserted in the petition." *T-Mobile USA, Inc. v. Mobile Telecomms. Techs., LLC*, IPR2015-00018, Paper 13 at 3-4, 6-7 (P.T.A.B. Apr. 8, 2015).

Moreover, that a petitioner before filing its petition concludes that the Board is unlikely to institute certain grounds (because, for example, the grounds are too weak to likely succeed) does not mean a petitioner cannot reasonably raise them.  HP could have raised the additional grounds, and if the Board had denied institution on those grounds, the holding of *Shaw* would have applied and permitted HP to assert those grounds in later litigation.

## V.     Conclusion.

HP reasonably could have asserted the two grounds at issue during the IPR.  By choosing not to do so, HP deprived the Board of the chance to consider whether to institute on those grounds, and frustrated its interest in ensuring that "all issues are promptly raised and vetted." Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48759 (Aug. 14, 2002) (to be codified at 37 C.F.R. pt. 42).  Allowing HP to assert these grounds in this litigation would run counter to Congress' intent to "prevent parties from having a 'second bite at the apple.'" *Id*.  And it would defeat the AIA's goal of making IPR a "quick, inexpensive, and reliable alternative to district court litigation."  S. Rep. No. 110–259, at 20 (2008).  Accordingly, the Court should grant summary judgment in Network-1's favor and hold that HP is statutorily estopped from asserting obviousness of claim 6 based on (1) Lehr, Woodmas, and Chang, and (2) Yano and Woodmas.

Dated:  April 3, 2017                                Respectfully submitted,


                                                    By:  /s/ Matthaeus Martino-Weinhardt
                                                         Matthaeus Martino-Weinhardt
                                                         CA State Bar No. 313103
                                                         Gregory S. Dovel
                                                         CA State Bar No. 135387
                                                         DOVEL & LUNER, LLP
                                                         201 Santa Monica Blvd., Suite 600
                                                         Santa Monica, CA 90401
                                                         Telephone:  310-656-7066
                                                         Email:  matthaeus@dovel.com
                                                         Email:  greg@dovel.com

                                                         T. John Ward, Jr.
                                                         State Bar No. 00794818
                                                         Claire Henry
                                                         State Bar No. 24053063
                                                         Andrea Fair
                                                         State Bar No. 24078488
                                                         WARD, SMITH & HILL, PLLC
                                                         1127 Judson Road, Suite 220
                                                         Longview, Texas 75601
                                                         Telephone: (903) 757-6400
                                                         Facsimile: (903) 757-2323
                                                         Email: jw@wsfirm.com
                                                         Email: claire@wsfirm.com
                                                         Email: andrea@wsfirm.com

                                                         ATTORNEYS FOR PLAINTIFF,
                                                         NETWORK-1 TECHNOLOGIES, INC.




**Certificate of Service**

       I certify that this document is being filed electronically and, as a result, is being served on
counsel of record through the Electronic Filing System on the filing date listed above.

                                                    /s/ Matthaeus Martino-Weinhardt