**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALCATEL-LUCENT USA INC., *et al.*, <br><br> Defendants. | Case No. 6:11-cv-00492-RWS-KNM <br><br> Jury Trial Demanded <br><br> Lead Consolidated Case |

**HPE'S RESPONSE TO NETWORK-1'S MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT ON ESTOPPEL</u>**

## I. INTRODUCTION

Network-1's Motion for Partial Summary Judgment on Estoppel ("Motion") (Dkt. No. 811) misstates the law and is a blatant attempt at a bait and switch. Not only does Network-1 misrepresent the facts and the law, it also fails to tell the Court of the Parties' agreement that it attempts to circumvent – an agreement reached by the Parties for the Plaintiff to amend its infringement contentions to include products HPE had provided a year before in exchange for HPE to amend its invalidity contentions to include these exact same combination references of which Plaintiff now complains.

Network-1's bases for its Motion are not supported by Federal Circuit precedent, nor are they in keeping with the primary cases that have analyzed and applied the estoppel statute as applied to IPR proceedings. Furthermore, Network-1 should not be rewarded for misrepresentations or omissions which occurred during the Parties' negotiations regarding supplementing infringement and invalidity contentions and reports. After raising and abandoning an unfounded IPR objection to Dr. Neikirk's four original combination references in his opening report as including "various combinations of Chang, Woodmas, and Fisher,"[1] Network-1 now argues for the first time that HPE is estopped from asserting the two additional combination references, i) the Lehr Combination (Lehr, Woodmas, and Chang), and ii) the Yano Combination (Yano and Woodmas). Notably, however, Plaintiff secured an agreement from HPE for Plaintiff to amend its infringement contentions in exchange for HPE to amend its timely invalidity contentions to include these exact same two references. Plaintiff now alleges that those references are barred because of HPE's alleged "knowledge" of those combinations from its December 2012

---

[1] The objections were allegedly based on IPR2013-00071. The four original references were not withdrawn and indeed were not a part of the IPR2013-00071, but instead were part of a non-instituted IPR application (IPR2013-00092) (the "non-instituted IPR") and are thus not estopped.

**HPE'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT ON ESTOPPEL – Page 1**

Invalidity Contentions. This argument 1) was never raised in the negotiations, 2) is not supported by the Federal Circuit case law, 3) ignores that these two combinations were not identified until after the Avaya IPR, and 4) completely turns the Parties' negotiated agreement on its head. Indeed, it would reward Plaintiff for laying behind the log and intentionally failing to raise any estoppel objection to these combinations for nearly four years.

## II. RESPONSE TO STATEMENT OF ISSUES

Section 315 of Title 35 of the United States Code provides guidance for estoppel based on *inter partes* review ("IPR") proceedings. Specifically, Section 315 states that the petitioner or real party in interest in an *inter partes* review proceeding is estopped from asserting in a later civil action that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised **during** that *inter partes* review." (emphasis added). However if a particular ground is not part of an IPR petition and therefore an IPR is not instituted on that particular ground, then an IPR does not go forward on that ground; therefore, it follows that no arguments can be presented on that ground *during* the IPR proceeding. Consequently, the issue to be decided is: Should the Court ignore Federal Circuit precedent and estop HPE from asserting in this litigation arguments which could not have been raised during a previous IPR proceeding? Furthermore, an additional issue to be decided is: Should Network-1 be allowed to circumvent an arms-length agreement it made with HPE by its belated assertion of estoppel?

## III. RESPONSE TO STATEMENT OF FACTS

Network-1's statement of facts is incomplete and is misleading by omission.

1. On December 19, 2012, HPE identified the separate references of U.S. Patent No. 6,473,608 ("Lehr '608") (*see* 12/19/2012 Invalidity Contentions, Exhibit 1, at 3), U.S. Patent No.

6,643,566 ("Lehr '566") (*id.* at 5), U.S. Patent No. 7,466,819 ("Lehr '819") (*id.*) (together, "Lehr") and U.S. Patent No. 6,246,748 ("Yano") (*id.* at 3).

2. On June 24, 2013, HPE applied for an IPR (IPR2013-386), which was subsequently not instituted on any grounds.

3. On August 6, 2013, HPE applied for an IPR (IPR2013-00495) based on the same art included in an IPR previously filed by Avaya (IPR2013-00071) and instituted by the PTAB (based on Matsuno and De Nicolo). (Together, IPR2013-00495 and IPR2013-00071 are referred to as the "Avaya IPR").

4. HPE did not disclose the specific Lehr Combination or the Yano Combination in the instant action until after the non-instituted IPR or the Avaya IPR. On June 29, 2016, Defendants filed their Final Election of Prior Art References (Ex. 2) including the Lehr Combination and (2) the Yano Combination. Thereafter, the Lehr and Yano Combinations were also identified in Defendants' Amended Final Election of Prior Art References, served August 3, 2016 (Ex. 3), and in Defendants' Second Amended Final Election of Prior Art References, served August 22, 2016 (Ex. 4). Importantly, Plaintiff never objected to HPE's combinations of art raised either in its Final Election of Prior Art, its Amended Final Election of Prior Art References, or its Second Amended Final Election of Prior Art References.

5. On October 14, 2016, Defendants served the opening invalidity report of Dr. Dean Neikirk ("Neikirk Opening Report"). *See* Neikirk Opening Report (Ex. 5). The Neikirk Opening Report was served prior to receiving this Court's Report and Recommendation on claim construction on November 4, 2016. *See* Dkt. No. 693. In the Neikirk Opening Report, Dr. Neikirk, in an attempt to limit the prior art, asserted only four obviousness combinations as grounds for invalidity: (1) Chang in view of Woodmas; (2) Fisher in view of Chang; (3) Fisher in view of

Woodmas and Chang; and (4) Fisher in view of Woodmas (together, the "Opening Combinations"). *Id*.

6. Despite having notice of Defendants' final election of asserted prior art and the four combinations identified in the Neikirk Opening Report, Network-1 objected to the Opening Combinations on October 18, 2016. *See* 10/18/2016 email from A. Fair (Ex. 6). Rather than raising specific bases for the objection, Network-1 merely objected to HPE raising "various combinations of Chang, Woodmas, and Fisher," allegedly based on the IPR2013-00071. *Id*. Plaintiff never explained the basis of its objection and indeed Plaintiff's assertion was incorrect, ultimately assumed withdrawn, and waived as it was not raised here.

7. To address the Court's claim constructions issued on November 4, 2016, which differed from the proposals of both Plaintiff and Defendants, including the Court's new definition of "low level current," Defendants served Second Amended Invalidity Contentions on December 16, 2016 and the Amended Report of Dr. Neikirk on November 18, 2016 ("Neikirk Amended Report") (Ex. 7), both dates well within the 50 day limit provided by the Local Rules. *See* P.R. 3-5(b). The Neikirk Amended Report included the Opening Combinations, as well as the Lehr and Yano Combinations in order to address the Court's new "low level current" definition. *See* Neikirk Amended Report (Ex. 7). Plaintiff never raised an estoppel argument or IPR objection to the Neikirk Amended Report.

8. Plaintiff's only objection to the addition of the Lehr and Yano Combinations was to the timeliness of including them in the Second Amended Invalidity Contentions and the Neikirk Amended Report. Plaintiff never objected to the Lehr Combination or the Yano Combination as being estopped by any instituted IPR.

9. In January 2017, after HPE served its Second Amended Invalidity Contentions and Amended Neikirk Report, Plaintiff proposed to HPE that if HPE would not object to Plaintiff's amended infringement contentions to include products that HPE identified in discovery no later than April 2016 but that Plaintiff had failed to include in this case, then Plaintiff would not object to HPE's Second Amended Invalidity Contentions or the Neikirk Amended Report. Plaintiff made a formal proposal for the agreement on March 27, 2017, which was confirmed the following week. Without ever raising the issue of any additional objections to the Lehr or Yano Combinations, Network-1 objected for the first time to the Yano and Lehr Combinations based on IPR estoppel in its present Motion for Partial Summary Judgment; notably after securing HPE's agreement to not object to Plaintiff's amended infringement contentions. Dkt. No. 811.

## IV. ARGUMENT & AUTHORITY

### A. HPE Is Not Estopped from Asserting Obviousness of Claim 6 Based on any Asserted Obviousness Combination.

Network-1 claims "Federal Circuit case law has not discussed the meaning of 'reasonably could have raised'" in the context of 35 U.S.C. § 315. Dkt. No. 811, at 5. Instead, it relies on a tortured statutory interpretation. This should not be so. Indeed, based on the Federal Circuit's holding in *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), and the courts that have discussed and interpreted *Shaw* and the IPR statute, HPE is not estopped from asserting the Yano and Lehr Combinations as grounds of invalidity of the '930 Patent in this litigation.

Courts applying *Shaw* have held that estoppel only applies to grounds which were actually raised during an IPR. For example, in *Verinata Health*, the plaintiff sought to "strike from defendants' invalidity contentions all grounds that defendants "raised or reasonably could have raised" during the IPR proceedings concerning the patents-in-suit." 2017 WL 235048, at *2 (N.D.

Cal. Jan. 19, 2017). The court rejected the exact arguments made here by Network-1 and agreed with the *Verinata* defendants that estoppel under *Shaw* "applies only to grounds raised, or that reasonably could have been raised, *after* institution of the IPR." *Id.* (emphasis in original). In other words, because an IPR does not begin until it is instituted, "only arguments made after institution are made 'during' IPR," and therefore, where grounds are not instituted, arguments as to those grounds could not reasonably have been raised during IPR. *Id.* at *3-4. *See also Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2016 WL 7341713, at *13 (D. Del. Dec. 19, 2016) (finding no estoppel, holding estoppel under *Shaw* does not extend to prior art references which were never presented to the PTAB). As such, if HPE had raised Lehr or Yano in any IPR application which was instituted, then HPE would be estopped from using those references now. However, HPE did not raise Lehr or Yano in any IPR application; indeed, HPE did not raise these combinations until after the Avaya IPR was over, and it is not barred here today.2

Network-1's misrepresentations by omission also undercut its estoppel assertion against HPE. First, Network-1 argues that HPE "reasonably could have raised" the arguments regarding the Lehr and Yano Combinations during the Avaya IPR in 2013, but fails to acknowledge that the Parties were not equipped with this Court's claim constructions of "low level current," main power source", and "secondary power source" of the '930 Patent until November 2016. As such,

---

2 The *Clearlamp* case cited by Network-1 does not support its arguments. Instead, the issue before that court was whether a piece of art which was claimed to be product prior art was cumulative of available non-product prior art and therefore could have reasonably been raised during IPR. The issue before this Court was not before the *Clearlamp* Court, and Network-1's out of context citation should be rejected. Furthermore, with regard to the *Parallel Networks*, a Delaware case cited by Network-1, that decision was decided by a judge sitting by designation in the District of Delaware, whereas the Delaware case of *Intellectual Ventures v. Toshiba,* which held in HPE's favor, was decided by Judge Sue Robinson.

<u>**HPE'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT ON ESTOPPEL** – Page 6</u>

Network-1's specific arguments could not have been raised in 2013 – more than three years before the Court's claim construction.

Furthermore, the policy of seeking "to protect patent owners from harassment via successive petitions by the same or related parties, to prevent parties from having a 'second bite at the apple' and to protect the integrity of both the USPTO and Federal Courts by assuring that all issues are promptly raised and vetted"[3] only applies if the law is as interpreted here – where indeed 'second bites at the apple' are prevented, but art never raised is not. Otherwise, the relationship between art raised in an IPR and in the Courts quickly declines to a "gotcha game" for the same reasons presented here. This should not be allowed and should not be so.

Moreover, Plaintiff's tortured analysis would require a party to raise thousands of possible pieces of prior art in order to have them "rejected" and "safe" rather than focus on the particular pieces of art in an application and, if instituted, raise all arguments regarding that art in the instituted proceeding. Plaintiff's proposal would waste time and resources and clog the PTAB with preliminary art that no party plans to actually bring before the PTAB but fears estoppel if not. Such tortured construction would be untenable.

B.  **Network-1's Motion Is an Attempt to Bypass the Parties' Negotiated Agreement**

Furthermore, Network-1's Motion violates the spirit of the agreement between the parties regarding mutual non-objection to infringement and invalidity contentions and expert reports. During the meet and confer process, the Parties discussed repeatedly agreements of mutual non-opposition to their respective infringement and invalidity contentions, as well as certain expert reports served after the deadline for expert reports under the Court's Docket Control Order. *See,*

---

[3] Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48759 (Aug. 14, 2012).

*e.g.*, Ex. 8 (3/27 email with J. Jacobson, D. Dolkas). While Network-1's alleged grounds of estoppel existed well before Dr. Neikirk's reports, and even before HPE's preliminary and final elections of asserted prior art, Network-1 chose to withhold its current (and similarly faulty) arguments in order to reach agreement over its untimely and improper amended infringement contentions. As evidenced by its earlier improper IPR objection, Plaintiff knew how to object and failed to do so. Such gamesmanship should not be tolerated. For this additional reason, Network-1's Motion should be denied.

## V. CONCLUSION

For all these reasons, HPE respectfully requests that the Court deny Network-1's Motion for Partial Summary Judgment on Estoppel.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
State Bar No. 08809050
Christy Samansky Hawkins
State Bar No. 24085575
Joshua R. Thane
State Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: chawkins@haltomdoan.com
Email: jthane@haltomdoan.com

Robert J. Walters
(DC Bar No. 463077)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1949
Facsimile: (202) 551-0449
Email: robertwalters@paulhastings.com

David H. Dolkas
(CA Bar No. 111080)
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7415
Facsimile: (650) 815-7401
Email:  ddolkas@mwe.com

**ATTORNEYS FOR DEFENDANTS HEWLETT-PACKARD COMPANY AND HEWLETT PACKARD ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 1st day of May, 2017.

*/s/ Jennifer H. Doan*
Jennifer H. Doan