UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>*Plaintiff*,<br><br>vs.<br><br>ALCATEL-LUCENT USA INC., ET AL.,<br><br>*Defendants*. | CASE NO. 6:11-cv-492-RWS-KNM<br><br>**JURY TRIAL DEMANDED** |

**Network-1's reply in support of [Dkt. 811] its motion for partial summary judgment on estoppel**

I.  **Estoppel applies to HP's Lehr and Yano Combinations.**

   A.  *Shaw* **did not hold that estoppel applies only to grounds that were actually raised during an IPR.**

HP argues that *Shaw* held that "estoppel only applies to grounds which were actually raised during an IPR." Opp. 5.  As explained in our motion, this is false.  Mot. 8-10. [1]

Estoppel applies to "any ground that the petitioner . . . reasonably could have raised during" an IPR.  35 U.S.C. § 315(e)(2).  *Shaw* held that a ground that was asserted in an IPR petition but denied (and therefore not instituted) is *not* a ground that a petitioner "reasonably could have raised" during the IPR.  See *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016).  Why not?  HP's answer is that the only grounds a petitioner "could have raised" during the IPR (i.e., during the IPR trial) are grounds that were "raised . . . in any IPR application which was instituted." Opp. 6.  That is, the only grounds a petitioner "could have raised" during the IPR are the ones a petitioner *actually* raised.  The two district court cases that HP relies on (*Intellectual Ventures* and *Verinata Health*) follow this reasoning.  But the fatal flaw in this approach is that it renders pointless the "reasonably could have raised" clause in the IPR statute.  HP does not and cannot dispute this.  Had Congress wanted to limit IPR estoppel to actually-raised grounds, it could easily have done so—by not including the phrase "or reasonably could have raised."  Indeed, that is exactly what Congress did for estoppel in the CBM context, by limiting estoppel to "any ground that the petitioner raised." *See* Mot. 9.

The correct reason that a petitioned-but-denied ground could not reasonably have been raised during IPR is that the petitioner already did all he "reasonably could have" to raise that ground during IPR:  the petitioner diligently asserted it in his petition.  The same is not true when "the petitioner simply does not include a prior art reference in the petition that reasonably could

---

[1] HP's opposition brief includes a "Response to Statement of Facts." Opp. 2-9.  As explained below where relevant, Network-1 disputes HP's alleged facts.

have been included." *Biscotti Inc. v. Microsoft Corp.*, No. 2-13-cv-01015-JRG-RSP, slip op. at 12 (E.D. Tex. May 11, 2017) (attached as Ex. 10). In that case, because there *is* something else the petitioner "reasonably could have" done to raise the ground during the IPR—asserted the ground in the petition—estoppel applies. *See id.* at 9-13 (rejecting the overly "broad reading of *Shaw*" that would limit estoppel "to only those grounds raised during the post-institution phase of the IPR").

Here, it is undisputed that HP knew of the references underlying its Lehr and Yano combinations before filing its petition, but made an affirmative, strategic choice not to assert them. These are exactly the kinds of grounds a petitioner "reasonably could have raised." Thus, *Shaw*'s holding—that petitioned-but-denied grounds are not subject to estoppel—does not apply.

**B.     That the Court's current claim constructions were unavailable during the IPR is irrelevant.**

HP argues that because it lacked the Court's current claim constructions during IPR, it could not reasonably have raised the "specific arguments" regarding the Lehr and Yano combinations it makes in this litigation. Opp. 7. This argument fails.

Estoppel applies to "any *ground* that the petitioner raised or reasonably could have raised during" an IPR, not specific arguments made in support of those grounds. 35 U.S.C. § 315 (e)(2) (emphasis added). A "ground" in this context refers to the prior art reference(s) asserted as invalidating a patent, as well as the statutory basis for invalidity (such as anticipation or obviousness). In *Shaw*, for example, the Federal Circuit analyzed whether estoppel applied to a particular ground—"the Payne-based anticipation ground"—not whether it applied to specific arguments made in support of that ground. 817 F.3d at 1298-1300.

HP's lack of this Court's claim constructions did not prevent it from asserting the two *grounds* at issue: (1) obviousness over the Lehr combination and (2) obviousness over the Yano

combination. Whether HP could have made the same specific arguments in support of those grounds is irrelevant. Moreover, if HP's position were correct, estoppel would be meaningless, as IPR petitioners could always argue that they lacked a "specific argument" during an IPR.

    **C.    Policy goals favor Network-1's interpretation of the IPR estoppel statute.**

HP argues that its statutory interpretation would prevent parties from having a "second bite at the apple." Opp. 7. But HP's misinterpretation would allow petitioners to strategically hold back certain grounds during the IPR to use them in district court, thereby giving them two bites and allowing them "to reap the benefits of the IPR without the downside of meaningful estoppel." *Parallel Networks Licensing v. Int'l Business Machines Corp.*, No. 13-2072 (KAJ), 2017 WL 1045912, at *12 (D. Del. Feb. 22, 2017).

HP also warns of dire consequences of applying the statute as Network-1 suggests, arguing that it "would require a party to raise thousands of possible pieces of prior art in order to have them 'rejected' and 'safe.'" Opp. 7. These concerns are misplaced. As explained in our motion, the Board has consistently interpreted a parallel estoppel provision the way Network-1 suggests, as have many district courts. Mot. 5-7. There are no signs that this has caused a plague of petitions presenting thousands of grounds. This is because (as in a district court trial) parties should advance their *best* arguments, rather than *all* conceivable arguments.[2]

**II.    Network-1's agreement to not object to the "timeliness of service" of certain HP disclosures does not preclude estoppel.**

Because the law does not support HP's position, HP alleges that this estoppel motion "attempts to circumvent an arms-length agreement" between Network-1 and HP. Opp. 2.

---

[2] Moreover, "[s]tatutory construction must begin with the . . . assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 175 (2009). "If there are problems with how that provision functions in the real world . . . that is a problem that must be addressed by Congress," rather than courts. *Electrolux Holdings, Inc. v. United States*, 491 F.3d 1327, 1333 (Fed. Cir. 2007).

3

According to HP, the parties had a "negotiated agreement" that Network-1 would not assert estoppel. *Id.* This argument fails because there was no such agreement, either in words or spirit.

As evidence of the alleged "no estoppel" agreement, HP attaches an e-mail confirming an agreement between HP and Network-1. *See* Opp. Ex. 8 at 2. This agreement, however, never once mentions estoppel. Rather, the agreement expressly and repeatedly states the opposite—that it "relates only to the timeliness of service" of HP's election of prior art and expert reports and that the parties "reserve all rights to object . . . on other grounds":

- "Network-1 will not object to the timeliness of service of HP's previously served Second Amended Final Election of Prior Art (served 8'22'16)";
- "Network-1 will not object to the timeliness of service of the previously served supplemental reports of HP's experts (served before 3'21'17)";
- "This agreement relates only to the timeliness of service. The Parties reserve all rights to object to the served expert reports on other grounds…."

*Id.* Because Network-1's estoppel argument is not an objection to "timeliness of service," there was no agreement not to assert it. There is no reasonable way to read the agreement as indicating that Network-1 would not assert estoppel.[3]

HP also contends that Network-1 "violates the spirit" of the parties' written agreement by bringing this estoppel motion. Opp. 7. According to HP, when the parties repeatedly confirmed in writing that "[t]his agreement relates only to the timeliness of service," what they really meant (in spirit) was the contrary—that Network-1 was agreeing not to assert estoppel. HP's argument fails. Parties do not mean the opposite of what they clearly and repeatedly confirm in writing, and courts do not enforce a purported "spirit" that contradicts an agreement's express written

---

[3] HP incorrectly states that the agreement addresses HP's "invalidity contentions." Opp. 1, 5, 7. Although the subject line of the email refers to "invalidity contentions," the parties' agreement (contained in the body of the email) addressed only the two disclosures identified above. *See* Opp. Ex. 8 at 2.

terms. *See Gebreyesus v. F.C. Schaffer & Assocs., Inc.*, 204 F.3d 639, 643 (5th Cir. 2000) ("a court cannot create contractual obligations where the language of the contract clearly expresses the parties' intent"); *Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 832 (Tex. App. 2013) ("If the parties have expressly stated the terms of their agreement, they have created an express contract and are bound by it to the exclusion of conflicting implied terms."). [4]

Furthermore, HP's suggestion that it was unfairly surprised by Network-1's estoppel argument is also contrary to fact. HP knew that its strategic decision to seek IPR comes with consequences—that any grounds HP knew of and thus "reasonably could have raised" become subject to estoppel. *See* 35 U.S.C. § 315(e)(2). Indeed, in HP's invalidity contentions (served in April 2015), HP acknowledged that "the provisions of 35 U.S.C. § 315(e)(2) regarding estoppel are intended to apply to *inter partes* review proceedings" and suggested only that "the scope of that estoppel . . . may be in dispute" in this case. *See* Ex. 11 (Defendants' Amended Invalidity Contentions) at 30-31. In addition, when Network-1 received Defendants' validity report, Network-1 promptly raised the issue of estoppel with HP. Opp. Ex. 6. HP thus knew that an estoppel argument could be forthcoming, either in a motion or at trial. [5]

## III. Conclusion.

HP was a "petitioner in an inter partes review . . . that result[ed] in a final written decision," and HP "reasonably could have raised" the Lehr and Yano combinations because it knew of the underlying references when it filed its IPR petition. *See* 35 U.S.C. § 315(e)(2). Thus, estoppel applies. Moreover, because there was no agreement not to litigate estoppel, there was no agreement for Network-1 to circumvent by bringing its motion.

---

[4] It would be HP (not Network-1) trying to "bait and switch" (Opp. 1) if HP intended to use the parties' agreement to defeat estoppel. As HP admits, it "never raised [estoppel] in the negotiations." Opp. 2. And HP confirmed in writing that the agreement relates only to "timeliness." Opp. Ex. 8 at 2.

[5] HP asserts that any estoppel argument against Defendants' four other obviousness combinations is "waived as it was not raised here." Opp. 1, 4. This is false. Contrary to HP's assertion, a party is not required to bring a summary judgment motion on every issue that it wants to preserve for trial.

Dated:  May 15, 2017                                          Respectfully submitted,

                                                              By: /s/ *Matthaeus Martino-Weinhardt*
                                                                  Matthaeus Martino-Weinhardt
                                                                  CA State Bar No. 313103
                                                                  Gregory S. Dovel
                                                                  CA State Bar No. 135387
                                                                  DOVEL & LUNER, LLP
                                                                  201 Santa Monica Blvd., Suite 600
                                                                  Santa Monica, CA 90401
                                                                  Telephone:  310-656-7066
                                                                  Email:  matthaeus@dovel.com
                                                                  Email:  greg@dovel.com

                                                                  T. John Ward, Jr.
                                                                  State Bar No. 00794818
                                                                  Claire Henry
                                                                  State Bar No. 24053063
                                                                  Andrea Fair
                                                                  State Bar No. 24078488
                                                                  WARD, SMITH & HILL, PLLC
                                                                  1127 Judson Road, Suite 220
                                                                  Longview, Texas 75601
                                                                  Telephone: (903) 757-6400
                                                                  Facsimile: (903) 757-2323
                                                                  Email: jw@wsfirm.com
                                                                  Email: claire@wsfirm.com
                                                                  Email: andrea@wsfirm.com

                                                              ATTORNEYS FOR PLAINTIFF,
                                                              NETWORK-1 TECHNOLOGIES, INC.

**Certificate of Service**

I certify that this document is being filed electronically and, as a result, is being served on counsel of record through the Electronic Filing System on the filing date listed above.

/s/ *Matthaeus Martino-Weinhardt*

6