IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 TECHNOLOGIES, INC. | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:11-cv-492- |
| v. | § | RWS-KNM |
| | § | |
| | § | |
| ALCATEL-LUCENT USA, INC., ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Network-1 Technologies, Inc.'s Motion for Partial Summary Judgment of Estoppel.  Doc. No. 811.  The Court held a hearing on this Motion on June 19, 2017.  The Court **RECOMMENDS** that the Motion be **GRANTED**.

## BACKGROUND

### I.      The Current Suit

On September 15, 2011, Network-1 filed this lawsuit against several Defendants,[1] including Hewlett-Packard Company and Hewlett Packard Enterprises ("HP" or "Defendant"). Doc. No. 1.  Plaintiff accuses Defendants of infringing Claims 6 and 9 of U.S. Patent No. 6,218,930 ("the '930 Patent").  HP responds that the '930 Patent is invalid as obvious under 35 U.S.C.§ 103, in light of certain prior art.  Plaintiff seeks summary judgment that under 35 U.S.C. § 315(e), HP is estopped from asserting, at trial, these certain invalidity grounds. *See generally* Doc. No. 811**.**

---

[1] Defendants Hewlett-Packard Company, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America LLC, Dell Inc., Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Avaya Inc., Polycom, Inc., Alcatel-Lucent USA Inc., Alcatel-Lucent Holdings Inc., Shoretel, Inc, Juniper Networks, Inc., Axis Communications AB, and Axis Communications, Inc. were all signatories to the Invalidity Contentions. Doc. No. 811 at Ex. 2.  Of these Defendants, only Hewlett-Packard Company ("HP") and Juniper Networks remain.
     Plaintiff states that "HP," in its Motion, refers to the relevant Hewlett-Packard Defendant at each point in time.  Doc. No. 811 at 1 n.1.  When referencing events before November 2015, "HP" refers to Hewlett-Packard Company.  *Id.*

## II.    The IPR Proceedings and Invalidity Contentions

Nearly fifteen months after Plaintiff filed suit, Defendant Avaya, Inc. filed a petition for *inter partes* review ("IPR") before the Patent Trial and Appeals Board ("PTAB").   *Avaya, Inc. v. Network-1 Sec. Sol., Inc.*, IPR No. 2013-00071 (P.T.A.B. filed Dec. 5, 2012) ("Avaya's IPR"). Avaya challenged Claims 6 and 9 as invalid in light of four prior art references:  Matsuno, Akhteruzzaman, De Nicolo, and Chang.[2]   *Id.*

On December 19, 2012, HP served Plaintiff its Invalidity Contentions.  Doc. No. 811 at Ex. 2 ("Invalidity Contentions").  HP challenged Claims 6 and 9 of the '930 Patent as obvious and/or anticipated by the following prior art references:

- U.S. Patent Nos. 6,473,608; 6,643,566; 7,466,819 ("Lehr);

- U.S. Patent No. 5,345,592 ("Woodmas");

- U.S. Patent No. 5,991,885; and WO 98-57248 ("Chang");

- U.S. Patent No. 6,246,748 ("Yano").

*Id.*[3]   At that time, HP did not assert any combinations of Lehr, Woodmas, Chang, or Yano.  *See ibid*.

Eight months later, in August 2013, HP filed a petition for IPR, asserting that Claims 6 and 9 of the '930 Patent are invalid, based on two prior art references: Matsuno and De Nicolo.  *Sony Corp. et al. v. Network-1 Sec. Sols., Inc.*, IPR No. 2013-495 (P.T.A.B. filed Aug. 6, 2013) ("HP's

---

[2] Prior art reference Matsuno is Japanese Unexamined Patent Application No. H10-13567.  Doc. No. 811 at 2.  Prior art reference Akhteruzzaman is U.S. Patent No. 5,754,644.  Doc. No. 811, Ex. 3 at 6.  Prior art reference De Nicolo is U.S. Patent No. 6,115,468.  Prior art reference Chang is comprised of U.S. Patent No. 5,991,885; and WO 98-57248. The PTAB instituted review on Avaya's IPR on two grounds:  (1) anticipation based on Matsuno; and (2) obviousness over De Nicolo in view of Matsuno.

[3] For purposes of this Report, a prior art "reference" is, for example, "Lehr."   A "combination" of prior art references is, for example, "Lehr, Woodmas, and Chang."

IPR").  On the same day, HP requested joinder with Avaya, Inc.'s IPR petition.  Doc. No. 811 at 3 (citing Doc. No. 11 at Ex. 6 (HP Motion for Joinder) at 15). [4]

### III.     Invalidity Arguments at Trial

At trial, HP seeks to challenge Claim 6 of the '930 Patent as obvious under 35 U.S.C. § 103 based on (1) Lehr, Woodmas and Chang; and (2) Yano and Woodmas.  Doc. No. 811 at 2 (citing Doc. No. 811, Ex. 1 at ¶¶ 518; 603).  Plaintiff seeks summary judgment that HP is statutorily estopped from asserting that Claim 6 of the '930 Patent is obvious based on (1) Lehr, Woodmas, and Chang; and (2) Yano and Woodmas.  Doc. No. 811 at 3.

Plaintiff moves to preclude Defendant from asserting certain prior art references in the instant case based on § 315(e)(2), the IPR estoppel statute.  *See generally* Doc. No. 811. Specifically, Plaintiff argues that HP is estopped from asserting grounds not raised HP's IPR petition that it "reasonably could have raised."  *Id.* at 1.

### APPLICABLE LAW

Under § 315(e)(2),

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

Estoppel applies to arguments "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review."  35 U.S.C.§ 315(e).  Estoppel under 35 U.S.C. §

---

[4] Dell, a defendant at the time, also filed an IPR petition seeking review of Claims 6 and 9 based on Matsuno and De Nicolo. *Dell, Inc. v. Network-1 Sec. Sols., Inc.*, IPR No. 2013-385.  Dell's petition also requested joinder with Avaya's IPR petition.  *Id.*  The Board joined HP's IPR with Avaya's IPR.  Doc. No. 811, Ex. 8 ("HP Joinder Decision") at 1, 10.  The PTAB issued a final written decision in Avaya's IPR.  Doc. No. 811, Ex. 9.  The decision stated that "Avaya, Dell, Sony, and HP are all Petitioners for purposes of this proceeding," and that "[C]laims 6 and 9 of the '930 Patent have not been shown to be unpatentable."  *Id.* at 32.

315(e) thus implicates two categories of invalidity grounds: (1) grounds that a petitioner raises in his IPR petition, but upon which the PTAB declines to institute review ("non-instituted grounds"); and (2) grounds that a petitioner does not raise in his petition, but reasonably could have raised ("non-petitioned grounds").  *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *4 (N.D. Ill. Aug. 2, 2017).

The Federal Circuit first addressed estoppel under § 315(e) in *Shaw Industries Group, Inc. v. Automate Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir.), *cert. denied*, 137 S. Ct. 374, 196 L. Ed. 2d 292 (2016).  In that case, Shaw filed an IPR petition on three grounds.  *Id.* at 1298.  The PTAB denied Shaw's IPR petition on the third ground, "as redundant in light of [its] determination that there is a reasonable likelihood that the challenged claims are unpatentable based on the grounds of unpatentability on which [it] institute[d] an *inter partes* review."  *Id.* at 1297.

Shaw petitioned the Federal Circuit for a writ of mandamus instructing the PTO to reevaluate its redundancy decision and to institute IPR based on the third, non-instituted ground.  *Id.* at 1299.  Shaw argued that mandamus was warranted because "the statutory estoppel provision would prevent it from raising the [third, non-instituted ground] in future proceedings."  *Id.* at 1299.  The Federal Circuit denied Shaw's petition for writ, explaining:

> [b]oth parts of § 315(e) create estoppel for arguments "on any ground that the petitioner raised or reasonably could have raised *during* that inter partes review."  Shaw raised its [third, non-instituted] ground in its petition for IPR.  [T]he PTO denied the petition as to that ground, thus no IPR was instituted on that ground.  The IPR does not begin until it is instituted. . . . Thus, Shaw did not raise—nor could it have reasonably raised—the [third non-instituted] ground *during* the IPR.  The plain language of the statute prohibits the application of estoppel under these circumstances.

*Id.* at 1300 (emphases in original).  *See also Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1052 (Fed. Cir. 2017) (". . . estoppel does not apply to those non-instituted claims in future

4

proceedings before the PTO."); *HP Inc. v. MPJH Tech. Inv. LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) ("[T]he non-instituted grounds were not raised and, as review was denied, could not be raised in the IPR.").[5]

Since then, there has been a district court split as to the scope of *Shaw*'s holding. Particularly, courts dispute whether *Shaw*'s holding applies only to non-instituted grounds, or to both to non-instituted and non-petitioned grounds.  *See infra*, Discussion Sec. A.

## DISCUSSION

Plaintiff argues that Defendant is estopped from asserting, at trial, certain non-petitioned grounds (Lehr, Woodmas, and Chang; and Yano and Woodmas), under § 315(e).  Doc. No. 811. Specifically, Plaintiff argues that HP is estopped from asserting, at trial,  invalidity—based on Lehr, Woodmas, and Chang; and Yano and Woodmas—because HP could have reasonably raised them in its IPR petition.  *Id.* at 5.

Defendant responds that under *Shaw*, estoppel only applies to non-instituted grounds. Doc. No. 854 at 5 (citation omitted). Defendant concludes that because the Lehr and Yano combinations are non-petitioned grounds, HP is not estopped from asserting them at trial.  Doc. No. 854 at 6.[6]

### A.  Section 315(e)(2) as Applied to Non-petitioned Grounds

The Federal Circuit has not yet addressed whether estoppel under § 315(e) applies to non-petitioned grounds.  *Shaw*, *HP*, and *Credit Acceptance* all discussed the estoppel effect of § 315(e)

---

[5] The Federal Circuit in *Credit Acceptance Corp.* evaluated the scope of estoppel under § 315(e)(1).  35 U.S.C. § 315(e)(1) applies to subsequent proceedings before the Office, while § 315(e)(2) applies to subsequent civil actions. However, the standard for triggering estoppel is the same in both provisions.  *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *8 (N.D. Ill. Mar. 18, 2016), *judgment entered*, 2016 WL 7013478 (N.D. Ill. Nov. 30, 2016).
[6] In its Response Brief, HP refers to "Lehr, Woodmas, and Chang" as "the Lehr Combination" or "Lehr"; and to "Yano and Woodmas" as the "the Yano Combination" or "Yano."  Doc. No. 854 at 1.

on non-instituted grounds, rather than non-petitioned grounds.  *Shaw*, 859 F.3d at 1046–1047; *HP Inc.*, 817 F.3d at 1347–48; *Credit Acceptance Corp.*, 859 F.3d at 1052.

In *Shaw*, the Federal Circuit stated that § 315(e) gives rise to estoppel for any ground raised or that the petitioner reasonably could have raised "during . . . IPR."  817 F.3d at 1300.  The Federal Circuit further explained that because IPR "does not begin until it is instituted," the IPR petitioner did not and could not raise a non-instituted ground "during the IPR."  *Id.*  The Federal Circuit held that the "plain language of the statute prohibits the application of estoppel under these circumstances."  *Id.  See also HP Inc.*, 817 F.3d at 1347 ("Accordingly, the non-instituted grounds were not raised and, *as review was denied, could not be raised in the IPR*.") (emphasis added).  In *Credit Acceptance*, the Federal Circuit further stated "[t]here is no IPR estoppel with respect to a [patent] claim as to which no final decision results."  859 F.3d at 1052.  The court echoed *Shaw*, holding that § 325(3), like § 315(e), "does not apply in a subsequent proceeding to claims upon which the Board declined to institute review."  *Id.* at 1053.[7]

Based on the above cases, Plaintiff and Defendant dispute the meaning of § 315(e).  Plaintiff focuses on the phrase "reasonably could have raised," arguing that it means a party is estopped from raising, at trial, non-petitioned grounds.  Doc. No. 811 at 4.

By contrast, Defendant focuses on the phrase "during IPR," arguing that estoppel under *Shaw* applies only to grounds raised, or that reasonably could have been raised, *after* institution of the IPR.  Doc. No. 854 at 6.  Defendant explains that because an IPR does not begin until it is instituted, only arguments made after institution are made "during IPR."  *Id.*  Defendant argues that non-petitioned grounds are not estopped.  *See id.*

---

[7] 35 U.S.C. § 325(e)(1) is a similar estoppel provision for Covered Business Method ("CBM") review proceedings.

Some courts, including the PTAB, have adopted Plaintiff's position. *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *8 (N.D. Ill. Aug. 2, 2017); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 15:cv-21, 2017 WL 2605977, at *2–3 (E.D. Va. June 5, 2017) (ruling that estoppel applies to grounds that the petitioner raised at the IPR itself and could have raised in the IPR petition or at the IPR itself); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 WL 2526231, at *3 (E.D. Tex. May 11, 2017) ("Section 315(e) estops Microsoft from asserting at trial . . . grounds not included in a petition . . . ."); *Douglas Dynamics, LLC v. Meyer Prods. LLC*, No. 14-cv-886-jdp, 2017 WL 1382556, at *4 (W.D. Wis. Apr. 18, 2017), *reconsideration granted in part on other grounds*, No. 14-cv-886-JDP, 2017 WL 2116714 (W.D. Wis. May 15, 2017); *Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-2072, 2017 WL 1045912, at *11–12 (D. Del. Feb. 22, 2017) (Jordan, J.),[8] *appeal filed*, No. 17-2115 (Fed. Cir. May 31, 2017); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *7–8 (N.D. Ill. Mar. 18, 2016).

Other courts have adopted HP's interpretation of *Shaw*, although one with reticence. *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, No. 16-cv-3886-BLF, 2017 WL 2633131, at *5 (N.D. Cal. June 19, 2017); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017); *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 221 F.Supp.3d 354, 553–54 (D. Del. 2016 (noting that although excepting non-petitioned grounds from estoppel "confounds the very  purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*").

---

[8] In this case, Judge Kent Jordan of the United States Court of Appeals for the Third Circuit sat by designation.

The plain language of § 315(e)(2) supports Plaintiff's interpretation. HP's argument that under *Shaw*, estoppel does not apply to non-petitioned grounds is inconsistent with the plain language of the statute. Indeed, under § 315(e)(2), a party is estopped from asserting at trial, an invalidity ground that it *reasonably could have raised*. 35 U.S.C. § 315(e)(2) (emphasis added). As one court has noted:

> A party raises an invalidity ground before the PTAB by including it in its IPR petition. . . . If a party does not include an invalidity ground in its petition that it reasonably could have included, it necessarily has not raised a ground that it "reasonably could have raised during . . . IPR."

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *8 (N.D. Ill. Aug. 2, 2017) (citing 35 U.S.C. § 315(e)(2)).

Moreover, HP's argument—that it would not be estopped from asserting the Lehr or Yano combinations at trial only if it had raised them during its IPR petition—would "render the 'reasonably could have raised' language nearly meaningless." *Id.* at 8. *See also Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-11, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017) ("[T]he broad reading *Shaw* renders the IPR estoppel provisions essentially meaningless because parties may pursue two rounds of invalidity arguments as long as they carefully craft their IPR petition."). *Shaw* held that estoppel does not apply to non-instituted grounds; it did not speak to whether estoppel applies to non-petitioned grounds. *Cobalt Boats, LLC*, 2017 WL 2605977, at *3 ("The court in *Shaw* was only making observations in dicta, and it had no occasion to consider restricting estoppel in the manner that other districts have interpreted it.").

Further, HP's argument that under *Shaw*, IPR does not begin until after the PTAB's institution decision, does not affect this outcome. Indeed,

> . . . while it makes sense that non-instituted grounds do not give rise to estoppel because a petitioner cannot—to no fault of its own—raise those grounds after the institution decision, when a petitioner simply does not

raise invalidity grounds it reasonably could have raised in an IPR petition, the situation is different.

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *8 (N.D. Ill. Aug. 2, 2017).

Under §315(e)(2), IPR estoppel applies to non-petitioned grounds (grounds that a party failed to raise in an IPR, but reasonably could have).  35 U.S.C. § 315(e)(2).

### B.  "Reasonably Could Have"

Since § 315(e)(2) applies to non-petitioned grounds, a remaining question is whether Defendant reasonably could have raised the non-petitioned grounds it now seeks to assert at trial. 35 U.S.C. § 315(e).  Plaintiff argues that although the Federal Circuit has not discussed the meaning of "reasonably could have raised" under § 315(e), the legislative history and PTAB precedent supports construing the phrase as "references . . . known to the petitioner or . . . that reasonably could have been discovered by a skilled searcher conducting a diligent search."  Doc. No. 811 at 5–6 (citations omitted).

Plaintiff explains that because HP was aware of all four references it bases its obviousness grounds on, under § 315(e), HP "reasonably could have raised" them in its IPR petition.  *Id.* at 7.

HP responds that because it did not disclose the two disputed *combinations*—Lehr, Woodmas, and Chang; as well as Yano and Woodmas—in its invalidity contentions, and did not do so until after the Avaya IPR was over, it is not barred from asserting them today.  Doc. No. 854 at 6.  In its Sur-Reply, HP further states

> . . . when HPE applied for an IPR . . . and co-defendant Avaya applied for another IPR . . . the then-current invalidity contentions did not include the *Lehr combination reference*.  Indeed, at best, *the individual references which make up the Lehr and Yano combinations* were included – but more importantly were included with numerous other art and were not originally in the combinations advanced in the final election of prior art and not in the

final election before this Court today.  This is key as the *Lehr combination* reference *could not have reasonably been included* in any IPR . . . .

Doc. No. 910 at 2 (emphases added).

Courts have broadly extended the phrase "reasonably could have raised" under § 315(e) to arguments, prior art references, and combinations, not just combinations.  *Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, 2017 WL 1045912, at *12 (D. Del. Feb. 22, 2017) (". . . I conclude that IBM is estopped from asserting prior art references and combinations that it reasonably could have raised before the PTAB."); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017) ("[T]he broad reading of *Shaw* renders the IPR estoppel provisions essentially meaningless because parties may pursue two rounds of invalidity *arguments* as long as they carefully craft their IPR petition.") (emphasis added).

The PTAB has similarly referred to a "ground" or "grounds" under § 315(e) as a single reference, or a combination of several references.  *Great West Casualty Co. v. Intellectual Ventures II LLC*, IPR2016-01534, Paper No. 13 at 11 (P.T.A.B. Feb. 15, 2017) ("While the *grounds* set forth in the instant proceeding are over *various combinations* of *Robinson, Bezos, Coates, and Excite*, . . . we focus our analysis on whether Petitioner "reasonably could have raised" a *ground* of unpatentability based on *Robinson* during the prior completed proceedings.") (emphases added).

The legislative history of the statute also confirms that Congress intended for estoppel to extend to "prior art," rather than to just "combinations."  157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) ("Adding the modifier 'reasonably ensures that could-have-raised estoppel extends only to that *prior art* which a skilled searcher conducting a diligent search reasonably could have been expected to discover,' rather than extending to *prior art* that only could be uncovered by a 'scorched-earth search around the world.'") (emphases added); 157 Cong.

10

Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Grassley) (defining "could have raised" to include "*prior art* which a skilled searcher conducting a diligent search would reasonably could have been expected to discover") (emphasis added).

Here, in its invalidity contentions, HP identified the following prior art:

- U.S. Patent Nos. 6,473,608 (Invalidity Contentions at 3); 6,643,566 (*id.* at 5); 7,466,819 (*id.*) (collectively, "Lehr");

- U.S. Patent No. 5,345,592 (*id.*)("Woodmas");

- U.S. Patent Nos. 5,991,885 (*id.* at 3); and WO 98-57248 (*id.* at 6) (collectively, "Chang");

- U.S. Patent No. 6,246,748 (*id.* at 3) ("Yano").

Doc. No. 811 at Ex. 2.

Although HP did not assert the specific *combinations* of prior art references that it now seeks to assert at trial (Lehr, Woodmas, and Chang; and Yano and Woodmas), HP knew that the Lehr, Woodmas, Chang, and Yano references existed, at least eight months before filing its IPR petition. Yet, HP chose not to raise the specific references before the PTAB. As such, HP should be estopped from asserting at trial, obviousness based on: Lehr, Woodmas, and Chang; and Yano and Woodmas.

### C. Relevancy of Claim Construction Order

HP next asserts that the parties were not equipped with the Court's claim constructions of "low level current," "main power source," and "secondary power source" of the '930 Patent until November 2016. Doc. No. 854 at 6–7. HP argues that its "specific arguments" could not have been raised in 2013, over three years prior to the Court's claim construction. *Id.* HP states:

> [o]nly after the Court decided three essential terms differently than the parties had asserted, . . . did Defendants re-raise the previously disclosed

11

> Yano and Lehr combination reference at issue . . . and amended . . . their invalidity expert report . . . all within 50 days of the Court's Report and Recommendation on Claim Construction as allowed under the Local Rules.

Doc. No. 910 at 1 n.2.

First, HP did not have the benefit of the Court's claim constructions when it filed its IPR petition in August 2013 because, pursuant to HP's own Motion, the Court stayed this case pending the PTAB's review of the Defendants' IPR petitions.  Doc. No. 410.[9]

Second, HP does not cite to any authority stating that a party is exempt from § 315(e)(2)'s estoppel provision just because it did not have the court's claim construction order.  Indeed, the PTAB and district courts construe claims under different standards.  *Compare* 37 C.F.R. § 411.100(b) ("[a] claim . . . shall be given its broadest reasonable construction in light of the specification of the patent in which it appears"); *with Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (a claim shall be construed pursuant to its ordinary and customary meaning as understood by one of ordinary skill in the art at the time of the invention).

Moreover, there is nothing about the Court's claim construction Order that impacted HP's decision to assert, at the PTAB, the references or combination of references it seeks to assert at trial.

Finally, that HP's amendment of its invalidity contentions was sanctioned by this district's local rules, does not insulate HP from estoppel under § 315(e).

### D.  Relevancy of Previous Agreement

HP further argues that Network-1's Motion violates the spirit of an agreement between the parties regarding mutual non-objection to infringement and invalidity contentions, and expert reports.  Doc. No. 854 at 7.

---

[9] In addition to HP, several other Defendants who were remaining in the case at that time, were signatories to the Motion to Stay.  Doc. No. 374.

HP refers to an email exchange between HP and Network-1, in which HP agreed not to object to Network-1's proposed infringement contentions, in exchange for Network-1's agreement not to object to certain HP filings.  Doc. No. 854 at Ex. 8.  However, this email repeatedly states that the agreement only applies to objections based on timeliness of service.  *See, e.g.*, *Id.* ("This agreement relates only to the timeliness of service.  The parties reserve all rights to object to the served expert reports on other grounds (e.g., evidentiary or *Daubert* grounds).").[10]

### E.  Effect of Joinder

Defendant states that under Plaintiff's analysis:

> In order to preserve its ability to assert the Yano and Lehr combination references, HPE should have included every piece of prior art – in every combination – into that joinder application in order to have those references rejected and "saved" where HPE's only desire was to join in Avaya's already instituted IPR – not be forced to have make [sic] additional work for this Court.

Doc. No. 910. at 4.

However, "there is no 'mirror image' rule for joinder."  *Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, No. CV 13-2072 (KAJ), 2017 WL 1045912, at *12 (D. Del. Feb. 22, 2017).  Indeed, "joinder can involve petitions that assert different grounds of invalidity."  *Id.* (citations omitted).

### F.  Public Policy

HP finally argues that the policy of seeking "to protect patent owners from harassment via

---

[10] HP also argues that this is the first time Network-1 asserts that HP is estopped from asserting the two disputed combinations.  *Id.*  HP states that even though Network-1's alleged grounds of estoppel existed well before Neikirk's reports and HP's preliminary and final elections of asserted prior art, Network-1 chose to withhold its current arguments.  Doc. No. 854 at 8.  HP argues that although Plaintiff initially objected to Neikirk's Opening Report on the grounds that Network-1 was estopped from raising "various combinations of Chang, Woodmas, and Fisher," Plaintiff never explained the basis of its objection and indeed Plaintiff's assertion was incorrect, ultimately assumed withdrawn, and waived as it was not raised here."  *Id.* at 4.

    However, HP cites to no authority suggesting that asserting estoppel under § 315(e) is a waivable argument.

successive petitions by the same or related parties, to prevent parties from having a 'second bite at

the apple'" . . . only applies if the law is as interpreted here – where indeed 'second bites at the

apple' are prevented, *but art never raised is not*." Doc. No. 854 at 7 (emphasis added).

On the contrary, allowing HP to raise arguments that it chose not to raise during IPR, would

give it the proverbial "second bite at the apple," by allowing it to enjoy the pros of IPR without

risking the cons of estoppel. *Parallel Networks Licensing, LLC*, 2017 WL 1045912, at *12. *See

also Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at

*8 (N.D. Ill. Aug. 2, 2017); *Douglas Dynamics, LLC v. Meyer Prod. LLC*, No. 14-CV-886-JDP,

2017 WL 1382556, at *4 (W.D. Wis. Apr. 18, 2017), *reconsideration granted in part*, No. 14-CV-

886-JDP, 2017 WL 211671; *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15CV21, 2017 WL

2605977, at *3 (E.D. Va. June 5, 2017).

## CONCLUSION

Accordingly, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Summary

Judgment that HP is estopped from asserting, at trial:

(1) obviousness over Lehr (U.S. Patent Nos. 6,473,608; 6,643,566; and 7,466,819) in view

of Woodmas (U.S. Patent No. 5,345,592) and Chang (U.S. Patent No. 5,991,885 and

WO 98/57248); and

(2) obviousness over Yano (U.S. patent No. 6,246,748) in view of Woodmas.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and

file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. §

636(b). A party's failure to file written objections to the findings, conclusions and

recommendations contained in this Report shall bar that party from *de novo* review by the district

judge of those findings, conclusions and recommendations and, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Assn*, 79 F.3d 1415, 1430 (5th Cir 1996) (en banc), *superseded on other grounds by statute*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 26th day of September, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE