**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>*Plaintiff*,<br><br>vs.<br><br>ALCATEL-LUCENT USA INC., ET AL.,<br><br>*Defendants*. | CASE NO. 6:11-cv-492-RWS-KNM<br><br>**JURY TRIAL DEMANDED** |

**Network-1 Technologies, Inc.'s motions** *in limine*

**Table of Contents**

I. Evidence or argument based on the Madisetti expert opinion from *Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.* ................................................................................. 1

II. Evidence that Defendants practice other Power over Ethernet patents. ............................ 4

III. Undisclosed non-infringement arguments. ....................................................................... 6

IV. *Daubert* rulings in unrelated litigations. ............................................................................ 7

V. Disparaging remarks regarding plaintiff's licensing business or status as a non-practicing entity. .................................................................................................................. 8

VI. Finances of Mr. Horowitz and Network-1 that are unrelated to the '930 patent. ............. 8

VII. Improper expert opinions and expert testimony by previously undisclosed experts. ......... 9

VIII. Defendants' achievements, patents, and good works. ..................................................... 10

IX. Threat of injunction. ......................................................................................................... 11

X. Inequitable conduct. .......................................................................................................... 11

XI. Employment of counsel and fees. ..................................................................................... 12

**Table of Authorities**

**Cases**

*Bryan v. John Bean Div. of FMC Corp.*,
 566 F.2d 541 (5th Cir. 1978) ................................................................................................ 2, 3

*Centricut, LLC v. Esab Grp., Inc.*,
 390 F.3d 1361 (Fed. Cir. 2004) ............................................................................................. 4, 5

*Clear with Computers, LLC v. Hyundai Motor Am., Inc.*,
 No. 6:09 CV 479, 2011 WL 11562328 (E.D. Tex. July 5, 2011) ........................................... 6, 7

*Innogenetics, N.V. v. Abbott Labs*,
 512 F.3d 1363 (Fed. Cir. 2008) .................................................................................................. 6

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
 984 F.2d 1182 (Fed. Cir. 1993) ................................................................................................ 12

*PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,
 225 F.3d 1315 (Fed. Cir. 2000) ................................................................................................ 12

*Server Tech., Inc. v. Am. Power Conversion Corp.*,
 No. 3:06-CV-00698-LRH, 2014 WL 1308617 (D. Nev. Mar. 31, 2014) ................................. 12

*SSL Servs., LLC v. Citrix Sys., Inc.*,
 No. 2:08-CV-158-JRG, 2012 WL 12906091 (E.D. Tex. May 24, 2012) ................................... 8

*Synopsys, Inc. v. Mentor Graphics Corp.*,
 814 F.3d 1309 (Fed. Cir. 2016) .................................................................................................. 4

**Rules**

Fed. R. Civ. Pro. 26(a) ................................................................................................................ 1, 9

Fed. R. Civ. Pro. 26(b) .................................................................................................................... 1

Fed. R. Civ. Pro. 26(c) .................................................................................................................... 7

Fed. R. Civ. Pro. 37(c) ............................................................................................................. 2, 10

Fed. R. Evid. 402 ................................................................................................................. passim

Fed. R. Evid. 403 ......................................................................................................... 4, 9, 11, 12

Fed. R. Evid. 404(a) ...................................................................................................................... 11

Fed. R. Evid. 611 ............................................................................................................................ 2

Fed. R. Evid. 702 ............................................................................................................................ 2

Fed. R. Evid. 801 ............................................................................................................................ 2

**I.      Evidence or argument based on the Madisetti expert opinion from *Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.***

<u>Relief requested</u>: Defendants are precluded from presenting in evidence, argument, or cross-examination any expert opinions of Dr. Vijay Madisetti from *Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.,* No. 6:15-CV-163-JDL (E.D. Tex.). (This does not preclude a party from cross-examining the other parties' damages experts on the subject of the *Chrimar* case, but does preclude a question that mentions or seeks to elicit Dr. Madisetti's opinion from the *Chrimar* case.)

Defendants seek to introduce expert opinions from Dr. Madisetti from another case, *Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.,* No. 6:15-CV-163-JDL (E.D. Tex.). In particular, Defendants seek to introduce the opinions of Dr. Madisetti that the Chrimar patents are comparable to the '930 patent, and that the Chrimar patents are responsible for the majority of the most critical aspects of the IEEE 802.3af standard. *See* dkt. 824 at 3-4. None of the parties here were involved in the *Chrimar* trial. Dr. Madisetti is not an expert in this case and has offered no expert reports or depositions. Yet, Defendants seek to introduce Dr. Madisetti's un-cross-examined opinions in this case. Defendants should be precluded from presenting Dr. Madisetti's opinions, including during the cross-examination of Network-1's experts.

  A.      **Dr. Madisetti's opinions are inadmissible.**

The Court's docket control order and the Federal Rules required Defendants to disclose their expert witnesses and serve expert reports. Dkt. 658; Fed. R. Civ. Pro. 26(a)(2). The Federal Rules also require that Plaintiff be given an opportunity to take the deposition of Defendants' experts after receiving the report. Fed. R. Civ. Pro. 26(b)(4) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial."). The Federal Rules (and the Due Process Clauses of the Fifth and Fourteenth Amendments) also

require that Plaintiff have an opportunity to cross-examine an expert witness if testimony from the expert is presented to the jury. Fed. R. Evid. 611.

Defendants did not disclose Dr. Madisetti as an expert as required by the Federal Rules and the Court's docket control order. Because they did not disclose him, Plaintiff has had no opportunity to depose Dr. Madisetti. In addition, because Dr. Madisetti is not a trial witness, Plaintiff will have no opportunity to cross-examine him at trial. Thus, Defendants should be precluded from presenting opinions by Dr. Madisetti at trial. Fed. R. Civ. Pro. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Moreover, a statement made by a declarant outside of the "current trial or hearing" may not be offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. Dr. Madisetti has no involvement in this case and will not provide any testimony in this case. Accordingly, his opinions from *Chrimar* are hearsay and cannot be offered for the truth of the matter asserted (e.g. that the Chrimar patents are comparable, or that the Chrimar patents are responsible for the majority of the most critical aspects of the standard). Fed. R. Evid. 801; *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 546 (5th Cir. 1978) ("to admit the hearsay opinion of an expert not subject to cross-examination goes against the natural reticence of courts to permit expert opinion unless the expert has been qualified before the jury to render an opinion. See generally Fed. R. Evid. 702. The Lambert and Wiseman opinions were brought before the jury without qualifying the experts who rendered them. The jury had no way of determining whether the opinions were credible or worthy of belief.").

Dr. Madisetti's *Chrimar* opinions are also inadmissible to impeach Network-1's experts. Defendants intend to assert at trial that Network-1's damages expert, Mr. Mills, has opinions that

conflict with Dr. Madisetti's opinion that the '930 patent is comparable to the Chrimar patents. Dkt. 824 at 5. They should be precluded from doing so.

Opinions by a non-testifying expert from another case that conflict with the testimony of a testifying expert cannot "be admitted even as impeachment." *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 546 (5th Cir. 1978) ("this circuit held that reports of others examined by a testifying expert and conflicting with the testimony of the expert could not be admitted even as impeachment evidence unless the testifying expert based his opinion on the opinion in the examined report or testified directly from the report"). None of Network-1's experts have based their opinions in this case on Dr. Madisetti's opinions. Thus, Dr. Madisetti's opinions cannot be introduced as impeachment evidence. *Id.* at 547 ("the conclusions of nontestifying experts were inadmissible under rule 705 either as the facts and data on which the testifying expert based his opinion or as impeachment evidence").

### B. Dr. Madisetti's opinions should be excluded under Rules 402 and 403.

There is no expert opinion (or even contention by a party) in this case that Dr. Madisetti's *Chrimar* opinions are relevant to infringement, validity, or damages. None of the damages experts in this case contend that Dr. Madisetti's testimony has any relevance to the reasonable royalty. Thus, Dr. Madisetti's *Chrimar* opinions have no relevance to this case. In addition, allowing Defendants to introduce Dr. Madisetti's *Chrimar* opinions would be prejudicial and confusing, because the jury could improperly conclude that Dr. Madisetti's testimony is relevant to infringement, damages, or validity. For example, if the jury hears Dr. Madisetti's opinion that the Chrimar patents are responsible for the majority of the critical aspects of the standard, the jury could improperly infer that the '930 patent is not important to the standard. This would be unfairly prejudicial to Network-1, particularly because Network-1 has no ability to cross-

examine Dr. Madisetti about this opinion. Thus, Dr. Madisetti's opinions should be excluded under Rules 402 and 403. Fed. R. Evid. 402, 403.

## II. Evidence that Defendants practice other Power over Ethernet patents.

<u>Relief requested:</u>  Defendants are precluded from offering any evidence or argument that they practice any Power over Ethernet patent other than the '930 patent.

Defendants intend to present generalized evidence and arguments that the accused products practice other Power over Ethernet (PoE) patents. These arguments should be precluded because (1) expert testimony is necessary to show that Defendants' products practice any other PoE patent, and (2) Defendants have submitted no expert testimony on this topic.

Where "the technology is complex and beyond the understanding of laypersons," expert testimony is necessary to show that the accused products practice the patent. *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1320 (Fed. Cir. 2016) ("when the technology is complex and beyond the comprehension of laypersons, expert testimony is sometimes essential" (internal quotations omitted)); *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369 (Fed. Cir. 2004) ("In many patent cases expert testimony will not be necessary because the technology will be easily understandable without the need for expert explanatory testimony. But there is no claim that this is such a case. Indeed, in this case the technology involved was complex. In other areas of the law courts have held that relevant expert testimony regarding matters beyond the comprehension of laypersons is sometimes essential. Expert testimony may be similarly important in patent cases involving complex technology such as this one." (internal quotations and citations omitted)).

Here, the technology is complex and beyond the understanding of laypersons. As one example, HP contends that its switches practice U.S. Patent No. 6,460,078. Claim 1 of this patent reads:

> Apparatus for automatically configuring media connectors of a node interface device in a local area network of the type which has at least two pairs of conductors between interconnected interface devices, with data being transmitted in one pair, including link data, being in the opposite direction relative to data being transmitted in the other pair, each node interface device having at least a first pair of connectors which are adapted to transmit data and at least a second pair of connectors adapted to receive data, the connectors being adapted to be selectively connected to the at least two pairs of conductors, said apparatus comprising:
>
> a switch responsive to a switching signal and an inhibiting signal and adapted to selectively connect a first pair of connectors to a first pair of conductors and a second pair of connectors to a second pair of conductors when said switch is in a first position, and selectively connect said first pair of connectors to a second pair of conductors and said second pair of connectors to said first pair of conductors when said switch is in a second position;
>
> a signal generator for producing said switching signal for selectively switching said switch between said first and second positions, said switching signal having one of first and second values, said switching signal values changing in a pseudo-random manner; and,
>
> a detector for generating an inhibiting signal in response to link data being detected in one of said pairs of connectors, said inhibiting signal being applied to said switch to thereafter indefinitely prevent switching thereof.

A layperson would not comprehend all aspects of what is claimed. For example, laypersons do not have an understanding of "media connectors of a node interface device," "link data," "an inhibiting signal," or how signal values may change "in a pseudo-random manner." Nor would a layperson be able to apply these concepts to the structures in an HP switch. Thus, to show that HP actually practices this patent, expert testimony is required. *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369 (Fed. Cir. 2004).

None of Defendants' technical experts have submitted any opinion that HP or Juniper practices a PoE patent other than the '930 patent. Thus, Defendants cannot show at trial that they actually practice any other PoE patent, and any suggestion or argument to the contrary should be precluded as irrelevant. Fed. R. Evid. 402.

In addition, allowing Defendants to suggest, without evidence, that they practice other PoE patents could mislead the jury and be prejudicial to Plaintiff. For example, the jury may improperly believe that the '930 patent must be worth less because the accused products also practice other patents.

### III. Undisclosed non-infringement arguments.

<u>Relief requested:</u> Defendants are precluded from offering non-infringement arguments that are not found in their expert reports or interrogatory responses. This includes offering arguments made by Defendants' lawyers during cross-examination, closing argument, or otherwise.

"[E]leventh hour disclosures . . . violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process." *Innogenetics, N.V. v. Abbott Labs*, 512 F.3d 1363, 1376 n.4 (Fed. Cir. 2008).

Defendants had a duty to disclose their non-infringement arguments (1) in response to the Court's discovery order, (2) in response to Plaintiff's interrogatory, and (3) in their expert reports. <u>*First*</u>, the Court's discovery order required Defendants to disclose their "legal theories and, in general, the factual bases of the disclosing party's claims or defenses" without waiting for a discovery request. Dkt. 235. This required Defendants to disclose their non-infringement theories. *Clear with Computers, LLC v. Hyundai Motor Am., Inc.*, No. 6:09 CV 479, 2011 WL 11562328, at *1 (E.D. Tex. July 5, 2011). <u>*Second*</u>, Defendants should have disclosed their non-infringement theories in response to Plaintiff's interrogatory, which asked Defendants to set forth each "non-infringement contention" in specific detail. Ex. 1 (Plaintiff Network-1 Technologies, Inc.'s First Set of Common Interrogatories to all Defendants (No. 4)) at 5-6. <u>*Third*</u>, to the extent that Defendants intend their experts to opine regarding a non-infringement theory, they were

6

"obligated to disclose the theory in [their] experts' reports." *Clear with Computers* at *2; Fed. R. Civ. Pro. 26(c). In addition, any disclosure of a new non-infringement contention at this late stage, or at trial, would be extremely prejudicial to Plaintiff. Trial is just five weeks away, therefore Plaintiff would not have the opportunity to prepare a response to any new arguments, or take the depositions of Defendants' employees and experts about any new argument. Thus, Defendants should be precluded from offering non-infringement arguments that are not found in their expert reports or interrogatory responses. *Clear with Computers, LLC v. Hyundai Motor Am., Inc.*, No. 6:09 CV 479, 2011 WL 11562328, at *2 (E.D. Tex. July 5, 2011) ("Instead of disclosing its one-click theory, HMA chose to lay behind the log and attempt to ambush CWC with this theory at trial. This Court does not tolerate such tactics and gamesmanship.").

**IV.** *Daubert* **rulings in unrelated litigations.**

Relief requested: The parties are precluded from offering any evidence or argument regarding *Daubert* rulings in unrelated cases.

Some of the experts in this case have been the subject of *Daubert* rulings in other, unrelated cases. The *Daubert* orders in those unrelated cases are not relevant to any issue before the jury, and should therefore be excluded under Rule 402. For example, that Plaintiff's survey expert, Dr. Wecker, was the subject of a *Daubert* in a different case where he used a different survey based on different methodology has no relevance to whether his survey is reliable in this case. In addition, any evidence of *Daubert* orders in other cases is potentially confusing and prejudicial. For example, the jury may improperly infer from the fact that Dr. Wecker was subject to a *Daubert* in another case that his opinions here are unreliable. Thus, the *Daubert* rulings in unrelated litigations should be excluded under Rules 402 and 403.

V. **Disparaging remarks regarding plaintiff's licensing business or status as a non-practicing entity. [1]**

Relief requested: Defendants are precluded from referring to Network-1 as a "patent troll," from suggesting that it is improper or unfair for a non-practicing entity to sue for patent infringement, and from suggesting that it is improper or unfair for Mr. Horowitz to profit from patent litigation because he was a merchant banker.

Disparaging remarks, such as referring to Network-1 as a "patent troll" or suggesting that it is improper or unfair for a non-practicing entity to sue for patent infringement, should be excluded because they are not relevant to any issue, and they are prejudicial to Network-1. *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012) ("Citrix shall not refer to SSL using derogatory terms including but not limited to… 'patent troll'... or any similar derogatory terms"). Similarly, suggesting that it is improper or unfair for Mr. Horowitz to profit from patent litigation because he was a merchant banker should also be excluded as irrelevant and prejudicial. Accordingly, this motion should be granted.

VI. **Finances of Mr. Horowitz and Network-1 that are unrelated to the '930 patent.**

Relief requested: Defendants are precluded from offering any evidence or argument about the income or assets of Mr. Horowitz or Network-1, except as they relate to the '930 patent.

Network-1 has assets that are unrelated to the '930 patent, as well as income unrelated to the '930 patent. Similarly, Mr. Horowitz, Network-1's CEO, has assets and income that have no relation to the '930 patent. These assets and income have no relevance to any issue in this case.

---

[1] Defendant Juniper has agreed to this motion *in limine*. Only HP opposes.

Therefore, any argument or evidence about them should be excluded under Rule 402. Fed. R. Evid. 402.

In addition, evidence about other income or assets should be excluded under Rule 403, because it is unfairly prejudicial. For example, the jury may improperly conclude that Network-1 and Mr. Horowitz should recover less money from patent infringement because they already have other assets and sources of income. This would be unfairly prejudicial to Plaintiff, and such arguments or evidence should be excluded. Fed. R. Evid. 403.

**VII. Improper expert opinions and expert testimony by previously undisclosed experts.**

Relief requested: Defendants are precluded from offering expert opinions other than from experts that have submitted an expert report.

Defendants intend to elicit expert opinions at trial from witnesses who are their employees and who were not designated as experts in this case. That is improper.

Rule 26(a) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. Pro. 26(a)(2)(A). Rule 26 contemplates two categories of experts: (1) those who must submit a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," *id*., Rule 26(a)(2)(B); and (2) those who do not provide a written report, but as to whom the disclosing party must state the subject matter on which the witness will provide expert testimony and "a summary of the facts and opinions to which the witness is expected to testify," *id*., Rule 26(a)(2)(C).

Defendants identified only experts in the first category (under Rule 26(a)(2)(B)), and those experts provided written expert reports.

Defendants have not identified any experts in the second category under Rule 26(a)(2)(C). Because Defendants identified no such persons as experts in the second category,

9

Network-1 had no opportunity to take expert depositions of such persons or to prepare responsive expert testimony.  Thus, Defendants are prohibited from eliciting at trial expert testimony from witnesses other than their identified experts.  Fed. R. Civ. Pro. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, <u>or at a trial</u>, unless the failure was substantially justified or is harmless." (emphasis added)).

### VIII. Defendants' achievements, patents, and good works.

<u>Relief requested:</u>  Defendants are precluded from presenting any evidence or argument regarding their achievements, including evidence about their founding, philanthropy, social good projects, patents (except to the extent an admissible opinion on a particular patent is set forth in their expert reports), and awards.

Defendants intend to present generalized evidence and arguments about their companies' achievements, unrelated technology, and good works.  For example, HP intends to present evidence that HP employees volunteer and donate to a children's hospital (HP Exh. 257); that HP believes in inclusion and diversity (HP Exh. 258 at 13); that HP provided wi-fi access to a football stadium, (HP Exh. 267); that HP's garage has achieved landmark status (HP Exhs. 251 and 259); and that HP has innovations in unrelated technologies such as LaserJet printers (HP Exh. 250) and cloud storage (HP Exh. 269).

This evidence is not relevant to any issue in this case.  It has no relevance to whether Defendants infringe, whether the patents are valid, or the appropriate measure of reasonable royalty damages.  The only reason that this evidence is offered is to get the jury to admire Defendants and, hopefully, rule in their favor.  Such evidence must be excluded as irrelevant and prejudicial, Fed. R. Evid. 402, 403, and as improper character evidence, Fed. R. Evid. 404(a)

("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

## IX. Threat of injunction.

Relief requested: Defendants are precluded from asserting or suggesting in argument or questioning that Network-1's past licenses were influenced by the threat of injunction.

In the Court's order on Network-1's motion to exclude certain opinions of HP's damages expert, Dr. Perryman, the Court excluded the opinion that Network-1's past licenses were influenced by the threat of injunction because the opinion was not supported by any evidence in this case. Dkt. 973 at 9-10 ("Perryman cites to no evidence suggesting that any of Network-1's settlement agreements were actually influenced by the threat of litigation."). Because there is no evidence in this case to support this theory, the theory is not relevant to this case, and should be excluded. Fed. R. Evid. 402.

In addition, presenting the theory (which is unsupported by any evidence) is confusing and prejudicial. For example, if Defendants assert or ask questions asserting that Network-1's past licenses were influenced by the threat of injunction, the jury might improperly conclude that the Network-1 settlement agreements were actually influenced by the threat of litigation, despite an absence of any supporting evidence. Thus, such argument or questioning should be excluded as prejudicial. Fed. R. Evid. 403.

## X. Inequitable conduct.

Relief requested: The parties are precluded from offering arguments to the jury regarding inequitable conduct, or evidence that relates solely to inequitable conduct.

"The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide." *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) (citing *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182,

11

1190 (Fed. Cir. 1993)).  Thus, any evidence or arguments that relate solely to inequitable conduct are not relevant to any issue before the jury, and should be excluded.  Fed. R. Evid. 402.  In addition, "presentation of inequitable conduct evidence to the jury would be prejudicial" to Network-1 because Defendants assert that Network-1 improperly "withheld information from the patent office."  *Server Tech., Inc. v. Am. Power Conversion Corp.*, No. 3:06-CV-00698-LRH, 2014 WL 1308617, at *2 (D. Nev. Mar. 31, 2014).  Based on such arguments and evidence, the jury could improperly infer that it should take this evidence into account in determining reasonable royalty or validity.  Thus, "to the extent that testimony, evidence and argument is relevant *only* to the issue of inequitable conduct, that evidence [should] be precluded from presentation to the jury."  *Id.*; Fed. R. Evid. 403.

## XI.   **Employment of counsel and fees.**

The parties have agreed to the following motion *in limine*: All parties are precluded from offering evidence or argument regarding the amount of fees paid to their attorneys and/or the existence of any type of fee arrangement with the parties' attorneys.

Dated:  September 26, 2017                                      Respectfully submitted,

> By:  /s/ *Christin Cho*
> Christin Cho
> CA State Bar No. 238173
> Gregory S. Dovel
> CA State Bar No. 135387
> DOVEL & LUNER, LLP
> 201 Santa Monica Blvd., Suite 600
> Santa Monica, CA 90401
> Telephone:  310-656-7066
> Email:  christin@dovel.com
> Email:  greg@dovel.com

12

        T. John Ward, Jr.
        State Bar No. 00794818
        Claire Henry
        State Bar No. 24053063
        Andrea Fair
        State Bar No. 24078488
        WARD, SMITH & HILL, PLLC
        1127 Judson Road, Suite 220
        Longview, Texas 75601
        Telephone: (903) 757-6400
        Facsimile: (903) 757-2323
        Email: jw@wsfirm.com
        Email: claire@wsfirm.com
        Email: andrea@wsfirm.com

        ATTORNEYS FOR PLAINTIFF,
        NETWORK-1 TECHNOLOGIES, INC.

## Certificate of Service

I certify that this document is being filed electronically and, as a result, is being served on counsel of record through the Electronic Filing System on the filing date listed above.

/s/ *Christin Cho*

## Certificate of Conference

I certify that the parties have met and conferred as required by Local Rules and the motions are opposed except as discussed in the motion.

/s/ *Christin Cho*