UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Network-1 Technologies, Inc., <br><br>　　　　*Plaintiff*, <br><br>　v. <br><br>Alcatel-Lucent USA Inc., *et al.*, <br><br>　　　　*Defendants*. | Case No. 6:11-cv-00492-RWS-KNM <br><br> Jury Trial Demanded <br><br> Lead Consolidated Case |

**DEFENDANT HP'S OBJECTION TO THE REPORT AND
RECOMMENDATION ON NETWORK-1'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF ESTOPPEL [DKT. NO. 978]**

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule CV-72(b), Defendants Hewlett-Packard Company and Hewlett Packard Enterprise Company (together "HP") respectfully object to the Report and Recommendation (Dkt. No. 978, "the R&R") granting Network-1's Motion for Partial Summary Judgment of Estoppel (Dkt. No. 811), for the reasons set forth in HP's oppositions (Dkt. Nos. 854 and 892) and, as stated below, because it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The relevant *inter partes* review ("IPR") estoppel statute provides:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert in [ ] a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised *during that inter partes review*.

**OBJECTION TO R&R ON NETWORK-1'S SUMMARY JUDGMENT OF ESTOPPEL – Page 1**

35 U.S.C. § 315(e)(2) (emphasis added). The R&R erroneously holds that this estoppel provision applies to invalidity grounds based on patents that were never advanced in any IPR petition filed against U.S. Patent No. 6,218,930 ("the '930 patent").

Section 315(e) limits a defendant's ability to assert invalidity grounds in the district court when an IPR results in a final written decision.  The restriction is narrowly limited to invalidity grounds that were raised or reasonably could have been *during that IPR*.  *See* 35 U.S.C. § 315(e)(2) ("…may not assert…that the claim is invalid on any ground that the petitioner raised or reasonably could have raised *during that inter partes review*.") (emphasis added).  But an "IPR does not begin until it is instituted." *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016).  The grounds a petitioner can present ***during*** an IPR are limited to those advanced in the petition, and further to those grounds on which the Patent Trial and Appeals Board ("P.T.A.B.") instituted the IPR.  Thus, Section 315(e) does not apply to grounds that were not presented in any IPR. *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. CV 13-453-SLR, 2016 WL 7341713 at *26-27 (D. Del. Dec. 19, 2016) (holding that estoppel did not apply to references "never presented to the PTAB at all" and noting that "the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*").

The R&R in effect misreads the statute and applies estoppel to any ground that the petitioner raised or reasonably could have raised ***in its petition*** for IPR (as opposed to during an IPR).  That is not what the statute or *Shaw* say.  The Federal Circuit chose to interpret the IPR estoppel language literally, and found that only arguments raised or that reasonably could have been raised ***during IPR*** are subject to estoppel. *Shaw*, 817 F.3d at 1300. Since *Shaw*, the Federal Circuit and other courts have read the decision accordingly.  *See, e.g., HP Inc. v. MPHJ Tech. Invs., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) ("[T]he noninstituted grounds do not become a

part of the IPR.... [T]he noninstituted grounds were not raised and, as review was denied, could not be raised in the IPR."); *Intellectual Ventures*, 2016 WL 7341713, at *13 ("[I]n *Shaw*[,] . . . because the PTAB rejected a certain invalidity ground proposed by the IPR petitioner, no IPR was instituted on that ground and, therefore, petitioner 'did not raise—nor could it have reasonably raised—the [rejected] ground during the IPR.'"). Consistent with *Shaw* and the language of the statute, estoppel applies only to grounds that were raised or reasonably could have been raised during an instituted IPR, not to grounds that might have been raised in a petition. Any grounds not estopped can be raised later in district court. "Indeed, limiting IPR estoppel to grounds actually instituted ensures that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017). This approach is consistent with the principle that a defendant gets only one "bite at the apple" for any particular invalidity ground and challenged patent claim.

Here, nobody petitioned for IPR based on the combinations of (1) Lehr[1], Woodmas[2], and Chang[3] ("the Lehr Combination"); or (2) Yano[4] and Woodmas ("the Yano Combination"). Thus, *Shaw* dictates that HP should not be estopped from asserting the Lehr Combination or Yano Combination at trial.

In effect, the R&R creates a broad scope of estoppel unsupported by Section 315(e) as interpreted in *Shaw*. Under the R&R's analysis, a defendant is effectively estopped from raising in district court ***any*** documentary prior art of which the defendant was aware when the defendant filed its IPR petition—***unless*** the defendant's petition includes ***every*** such piece of prior art in

---

[1] U.S. Patent Nos. 6,473,608; 6,643,566; 7,466,819 ("Lehr").
[2] U.S. Patent No. 5,345,592 ("Woodmas").
[3] U.S. Patent No. 5,991,885; and WO 98-57248 ("Chang").
[4] U.S. Patent No. 6,246,748 ("Yano").

**OBJECTION TO R&R ON NETWORK-1'S SUMMARY JUDGMENT OF ESTOPPEL – Page 3**

*every* possible combination. Apart from being inconsistent with Section 315(e) as interpreted in *Shaw*, the R&R's reasoning imposes a tremendous burden on the Board and petitioners, and prevents "the just, speedy, and inexpensive resolution of every [IPR] proceeding." *See* 37 C.F.R. § 42.1(b).

Moreover, in this particular case, HP only joined in Avaya's already instituted IPR. *Avaya, Inc. v. Network-1 Sec. Sol. Inc.*, IPR No. 2013-00071 (P.T.A.B. filed Dec. 5, 2012). Public policy weighs against adding new prior art to an IPR that is already instituted with the expectation that the new prior art will be saved from estoppel based on the P.T.A.B. not instituting on the new prior art.

For the reasons explained above, as well as in the underlying briefing and oral argument, the Court should sustain HP's objection and deny Network-1's Motion of Partial Summary Judgment of Estoppel.

    Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

David H. Dolkas
CA Bar No. 111080
Jodi Benassi
CA Bar No. 309048
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone: (650) 815-7415
Facsimile: (650) 815-7401
Email: ddolkas@mwe.com
Email: jbenassi@mwe.com

Natalie A. Bennett
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 758-8000
Email: nbennett@mwe.com

Hersh H. Mehta
IL Bar No. 6306586
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
hmehta@mwe.com

Mark E. Ferguson
IL Bar No. 6185448
Mark S. Ouweleen
IL Bar No. 6231188
Faye E. Paul
IL Bar No. 6306719
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Ste. 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
Email: mark.ferguson@bbhps.com
Email: mark.ouweleen@bbhps.com
Email: faye.paul@bbhps.com

**ATTORNEYS FOR DEFENDANTS HEWLETT-PACKARD COMPANY AND HEWLETT PACKARD ENTERPRISE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of October, 2017.

*/s/ Jennifer H. Doan*
Jennifer H. Doan