IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 TECHNOLOGIES, INC. | § § § § | |
| v. | § | CIVIL NO. 6:11-cv-492- RWS-KNM |
| | § § § § | |
| ALCATEL-LUCENT USA, INC., ET AL. | § | |

## ORDER

Before the Court is Hewlett Packard Enterprise Company's and Hewlett-Packard Company's (collectively, "Defendants" or "HP") Motion to Supplement the Expert Report of M. Ray Perryman, PhD. Doc. No. 994. The Court held a hearing on the Motion on October 17, 2017. The Motion is **DENIED.**

## BACKGROUND

Plaintiff Network-1 Technologies, Inc. ("Network-1") accuses Defendants[1] of infringing U.S. Patent No. 6,218,930 ("the '930 Patent"). The '930 Patent was issued on April 17, 2001, and relates to an apparatus and method for remotely powering access equipment over a 10/100 switched Ethernet network. *See* '930 Patent. HP retained Perryman to generally opine about "F/RAND licensing and the F/RAND licensing commitment" to the IEEE of Network-1 Security Solutions, Inc. ("Network-1). Doc. No. 810-1 at 3.

---

[1] The remaining Defendants in this case are HP, HPE, and Juniper.

## APPLICABLE LAW

Under Federal Rules of Civil Procedure 26(a)(2)(B), expert witnesses must provide the Court with a written report containing "a complete statement of all opinions to be expressed and the bases and reasons therefore. Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(C) requires that those reports be disclosed at least 90 days before the trial date or as directed by the Court.

Federal Rules of Civil Procedure 37(c) provides that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

## DISCUSSION

Defendants seek to supplement Perryman's expert report with the Supplemental Report served on September 22, 2017. Doc. No. 994 at 1. HP argues that the Supplemental Report expounds on the opinions in Perryman's original rebuttal report and is essential for damages. Doc. No. 994 at 1.

When considering the admissibility of late-designated expert reports, courts in this District apply a standard, originally set forth by the Fifth Circuit, that weighs: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party fit he witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Green v. Blintz U.S.A.,* No. CIV.A. 2:07-CV-372, 2008 WL 5572822 at *2 (E.D. Tex. Sept. 30, 2008) (*citing Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1000 (5th Cir. 1998)).

The Court will address the *Green* factors in the following order: (a) explanation for failure to identify the witness; (b) importance of witness testimony; and (c) prejudice to opposing party and the possibility that a continuance would cure that prejudice.

### a. *Explanation for Failure to Identify the Witness*

HP argues that Perryman's Supplemental Report is warranted because it was promptly served on September 22, 2017, after the Court's Report and Recommendation on Network-1's FRAND obligations, Doc. No. 954, ("FRAND Report"), was issued on September 11, 2017. Doc. No. 994 at 2. Defendants argue that at the time of Perryman's Rebuttal Report, Network-1 contended that it was not bound by Merlot's Letter of Assurance (LOA) for the '930 Patent, and thus Perryman's initial Rebuttal Report was partly directed to refuting that contention. Doc. No. 994 at 6.

The FRAND Report found: "[t]here remains a fact issue regarding whether the LOA obligation and Defendants' definition of 'FRAND' are the same. Additionally, the amount of the rate is a fact issue that remains for the jury." Doc. No. 954 at 5. HP argues that the FRAND Report narrowed the issues "in a direction not foreseeable at the time [Perryman] served his initial Rebuttal Report," and thus Perryman's Supplemental Report directly addresses the appropriate royalty rate under the LOA and FRAND. Doc. No. 994 at 6.

Network-1 argues that HP foresaw the need for testimony on FRAND royalty rates, and even retained another damages expert, Ambreen Salters, to opine on the appropriate FRAND royalty rates. Doc. No. 1021 at 1.

In his original Rebuttal Report, Perrryman noted that he was "retained to provide certain opinions related to implications of the F/RAND commitment to the appropriate royalty associated with the alleged infringement by HP of U.S. Patent No. 6,218,930." Doc. No. 1021-1 at ¶ 9.

Further, in his Rebuttal Report, Perryman opined about "how the most valuable tool in determining a F/RAND royalty with comparable licenses is a previous F/RAND license." Doc. No. 1021-1 ¶ 128.

Given Salters's and Perryman's reports on the appropriateness of FRAND royalty rates prior to the Court's FRAND Report, HP's argument that the FRAND Report unforeseeably altered the scope of Perryman's opinions is unpersuasive.

Further, HP's Motion for Summary Judgment on Plaintiff's FRAND Obligation clearly articulated HP's position that the appropriate royalty was the FRAND rate. Doc. No. 825 at 1. In fact, HP spent three pages of it briefing arguing why Network-1 has a FRAND obligation to the Defendants. Doc. No. 825 at 10-12. Ultimately, the FRAND Report left for the jury the issue of whether Network 1's obligations under the LOA and Defendants' proposed FRAND rate are the same. However, HP can hardly argue that its expert could not have anticipated that the Court would rule in a way that let HP's expert opine on the issue of FRAND rates as it is exactly the issue HP raised. There is no valid explanation for Perryman's late-designated expert report.

### b. *Importance of Witness Testimony*

HP argues that the Supplemental Report is important because it directly addresses the issues set forth in the FRAND Report and merely expands on opinions disclosed in Perryman's original Rebuttal Report. Doc. No. 994 at 5. Specifically, HP contends that Perryman's Supplemental Report "will assist the jury in understanding HPE's definition of FRAND, HPE's position as to Network-1's obligations under the LOA, and [Perryman's] calculation of FRAND royalty rates." Doc. No. 994 at 7.

Network-1 responds that the Supplemental Report is not important because Salter opines on the appropriate FRAND royalty rates and thus Perryman's Supplemental Report is merely a cumulative opinion of Salter's opinions.

As discussed above, HP's argument about the effect of the FRAND Report is unpersuasive, especially given Salters's and Perryman's expert reports on an appropriate FRAND royalty rate.

### c. *Prejudice to Opposing Party and Possibility that a Continuance Would Cure Prejudice*

HP argues that Network-1 will not be prejudiced by Perryman's Supplemental Report because it was served promptly after the FRAND Report. Doc. No. 994 at 8. HP has also offered a supplemental deposition of Perryman to ensure that Network-1 can properly cross-examine him at trial to avoid prejudice. Doc. No. 994 at 5. HP also contends that Network-1 should not be allowed to argue that the timing prejudices them because the timing was caused by Network-1's continued insistence that the LOA did not bind them. Doc. No. 994 at 8.

Network-1 argues that HP had the burden of proof on its counterclaim that Network-1 and Merlot were contractually bound to grant HP a license on FRAND terms, and thus should have timely served these opinions by the expert report deadline. Doc. No. 1021 at 8. Moreover, trial is only a few weeks away and thus Network-1 does not have sufficient time to prepare a rebuttal report to address Perryman's Supplemental Report. Doc. No. 1021 at 8. Network-1 also argues that a continuance would not cure the prejudice because it would delay the resolution of the case.

Given the quickly approaching trial date, the admittance of the Supplemental Report would prejudice Network-1, and that prejudice would not be cured by a continuance for the reasons set forth by Network-1. Thus, these factors weigh against the admission of the Supplemental Report.

## CONCLUSION

Because all of the *Green* factors weigh against admission of the Supplemental Report, Defendant's Motion for Leave to Supplement the Expert Report of M. Ray Perryman, Ph.D., is **DENIED**.

So ORDERED and SIGNED this 25th day of October, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE