# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 TECHNOLOGIES, INC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:11-CV-00492-RWS |
| v. | § § § | |
| ALCATEL-LUCENT USA, INC. ET AL., | § § § | |
| Defendant. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("Report," Docket No. 978) recommending the Court grant Plaintiff Network-1 Technologies, Inc.'s ("Network-1") Motion for Partial Summary Judgment of Estoppel has been presented for consideration. Defendants Hewlett-Packard Company and Hewlett Packard Enterprise Company ("HP") filed objections to the Report (Docket No. 1005), and Network-1 filed a response (Docket No. 1025). The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636 (b)(1)(B)–(C).

In its objections, HP argues that the Magistrate Judge erroneously found that 35 U.S.C. § 315(e)(2) "applies to invalidity grounds based on patents that were never advanced in any [*inter partes* review ("IPR")] petition filed against U.S. Patent No. 6,218,930." Docket No. 1005 at 2. According to HP, the Report "misreads the statute and applies estoppel to any ground that the

petitioner raised or reasonably could have raised in its petition for IPR (as opposed to during an IPR)." *Id.* HP's argument focuses on the phrase "during that IPR" in the estoppel provision, arguing that, during an IPR, a petitioner can only present grounds that have been instituted in the petition. *Id.*

The Federal Circuit has recognized § 315(e) estoppel does not attach to petitioned grounds not instituted by the Patent Trial and Appeal Board ("PTAB"). *See*, *e.g., Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 374 (2016); *HP Inc. v. MPHJ Tech. Inv., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016). The Federal Circuit has not addressed, however, whether § 315(e) estoppel attaches to non-petitioned grounds.

The Court agrees with the Magistrate Judge that the plain language of § 315(e)(2) suggests that estoppel applies to non-petitioned grounds—grounds that a party failed to raise in an IPR but reasonably could have done so. The statute provides that a party is estopped from asserting at trial invalidity grounds that it *reasonably could have raised* during an IPR, and non-petitioned grounds that could have been included in an IPR petition are precisely those grounds. Limiting estoppel as HP proposes would frustrate the litigation efficiencies the America Invents Act was designed to produce and calls into question this Court's decision to stay this case pending IPR.[1] *See* Docket No. 410; *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("Giving the agency the authority to consider the validity of patents in the *inter partes* review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.");

---

[1] The Court also stayed this case pending covered business method review at the request of now-dismissed Defendants Sony Corporation, Sony Corporation of America and Sony Electronics, Inc. (Docket No. 558).

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15CV21, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017) ("It would waste this Court's time to allow a stay for a year during IPR proceedings and then review invalidity arguments that Defendants could (and perhaps should) have raised in their IPR petition."). Moreover, applying estoppel only to instituted grounds would effectively read out the "reasonably could have raised" language from the statute. *See Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *8 (N.D. Ill. Aug. 2, 2017) ("Under Purina's reading of the statute, the 'reasonably could have raised' language would come into play where a petitioner raises a ground in a petition, the PTAB institutes IPR on that ground, the petitioner abruptly changes course and fails to pursue that ground before the PTAB post-institution, and then later the petitioner changes course once again and seeks to raise that invalidity ground in federal court. The Court has difficulty understanding why a party would pursue such a strategy.").

A number of districts—including this one—have adopted a similar view of the AIA estoppel provision. *See Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 WL 2526231, at *3 (E.D. Tex. May 11, 2017) ("Section 315(e) estops Microsoft from asserting at trial . . . grounds not included in a petition that a "skilled searcher conducting a diligent search reasonably could have been expected to discover. . . .") (citing 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Senator Jon Kyl)); *Oil-Dri Corp.*, 2017 WL 3278915, at *8; *Cobalt Boats,* 2017 WL 2605977, at *2–3; *Douglas Dynamics, LLC v. Meyer Prods. LLC*, No. 14-cv-886-JDP, 2017 WL 1382556, at *4 (W.D. Wis. Apr. 18, 2017), *reconsideration granted in part on other grounds*, No. 14-cv-886-JDP, 2017 WL 2116714 (W.D. Wis. May 15, 2017); *Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-2072, 2017 WL 1045912, at *11–12 (D. Del. Feb. 22, 2017) (Jordan, J.), *appeal filed*, No. 17-2115 (Fed. Cir. May 31,

2017); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *7–8 (N.D. Ill. Mar. 18, 2016).

The Court is not persuaded by the reasoning in the cases holding to the contrary. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, No. 12-CV-05501-SI, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017) ("limiting IPR estoppel to grounds actually instituted ensures that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention."); *Intellectual Ventures I LLC v. Toshiba Corp.*, 221 F. Supp. 3d 534, 553–54 (D. Del. 2016) ("Although extending [*Shaw*'s] logic to prior art references that were never presented to the PTAB at all (despite their public nature) confounds the very purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*.")

Additionally, HP argues the fact that it joined Avaya's already instituted IPR is relevant to the analysis. Docket No. 1005 at 4. According to HP, "[p]ublic policy weighs against adding new prior art to an IPR that is already instituted with the expectation that the new prior art will be saved from estoppel based on the PTAB not instituting on the new prior art." *Id.* at 4.

The fact that HP sought joinder with Avaya's IPR does not mean that HP could not have reasonably raised different grounds from those raised by Avaya, and whether to join an IPR and assert identical or different prior art—with the associated estoppel ramifications—was a decision for HP to make. Indeed, "[a]llowing [HP] to raise arguments here that it elected not to raise during the IPR would give it a second bite at the apple and allow it to reap the benefits of the IPR without the downside of meaningful estoppel." *Parallel Networks Licensing*, 2017 WL 1045912, at *12.

Finally, at issue in Network-1's motion are the specific invalidity grounds: (1) obviousness over Lehr (U.S. Patent Nos. 6,473,608; 6,643,566; 7,466,819) in view of Woodmas (U.S. Patent No. 5,345,592) and Chang (U.S. Patent No. 5,991,885 and WO 98-57248) and (2) obviousness over Yano (U.S. Patent No. 6,246,748) in view of Woodmas. Docket No. 811 at 6. HP knew of each reference before it filed its IPR. Indeed, HP disclosed each reference in its invalidity contentions on December 19, 2012 (Docket No. 811-2)—almost eight months before HP filed its IPR on August 6, 2013 (Docket No. 811-5). Accordingly, the Court agrees with the Magistrate Judge that HP reasonably could have raised each invalidity ground before the PTAB and should be estopped from asserting obviousness (1) over Lehr in view of Woodmas and Chang and (2) over Yano in view of Woodmas at trial. HP's objections are **OVERRULED**.

## CONCLUSION

Having reviewed the Report *de novo* and for the reasons set forth above, the Court **OVERRULES** HP's objections regarding estoppel. The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as those of the Court. In light of the foregoing, it is **ORDERED** that Network-1's Motion for Partial Summary Judgment of Estoppel (Docket No. 811) is **GRANTED**. Accordingly, HP is estopped from asserting the following obviousness arguments at trial: (1) obviousness over Lehr in view of Woodmas and Chang; and (2) obviousness over Yano in view of Woodmas.

**SIGNED this 27th day of October, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE